Oscar Lee **PERKINS**, Plaintiff–Appellee,

v.

**ENTERPRISE TRUCK LINES, INC.**, Defendant–Appellant.

Supreme Court of Tennessee, at Knoxville.

March 13, 1995.

I

Oscar Lee Perkins was injured on or about June 7, 1991, in Buffalo, New York, as he was preparing to tarp down a load of rolled and flat steel on his trailer. A gust of wind blew him off the trailer, and he fell four and a half feet to the ground below. He experienced a fractured hip, an injured lower back, and a broken arm. Because he was unable to reach his dispatcher by telephone, he drove the tractor-trailer to a location in Kentucky near the Tennessee line, where he was met by his father and brother. They helped him from the cab of the tractor. Thereafter, Perkins was treated by Gilbert Hyde, M.D., a board-certified orthopedic surgeon. He concluded that Perkins had suffered an eleven percent permanent anatomical impairment to the body as a whole.

Prior to the employment in which he was engaged at the time of his injury, Perkins, who had a GED certificate, had installed underground telephone cable, driven a truck and operated equipment while in the Army, driven a truck in the strip mines, operated various pieces of construction equipment, and driven an over-the-road tractor-trailer for another company. Thus, his previous employment required lifting, twisting, bending, and stooping.

Perkins testified that he came upon the Enterprise Terminal by inadvertence, having seen it while driving one day. He stopped and completed an employment application. The application listed the company as "Enterprise Truck Line, Inc." He did not specify whether he was applying for a position as "independent contractor only," "independent contractor/driver," or "driver only for independent contractor." Perkins testified that during the application process and even after being hired, he believed he was working for Enterprise Truck Line, Inc. Before he was hired, Perkins was given a road test, which was certified by the terminal manager for Enterprise, Donna Pierce; additionally, he was given a physical examination. Perkins testified that when he had applied, an agent of Enterprise told him that he would have workers' compensation insurance coverage.

Ward S. Whelchel and C. Edward Daniel, Knoxville, for appellee.

John P. Newton, Jr., Knoxville, for appellant.

## OPINION

BIRCH, Justice.

The appellee, Oscar Lee Perkins, filed a motion pursuant to Tenn.Code Ann. § 50–6–225(e)(5)(B) requesting full court review of the decision of the Special Workers' Compensation Appeals Panel. We granted the motion in order to determine whether, under the circumstances here present, the employer is relieved of its responsibilities under the Workers' Compensation Act simply because of its failure or refusal to comply with statutory requirements of election.[1] After carefully examining the record before us and considering the authorities, we find that the employer was not so relieved.

---

1. Tenn.Code Ann. § 50–6–106(1)(B) (1991).

Perkins was assigned to drive a tractor bearing the insignia of Enterprise Truck Line, Inc. D. Pierce directed Perkins where to pick up, haul, and deliver various loads. Perkins was not involved in determining whether or where to haul the loads. During the course of his employment, all of the fuel used was charged to Enterprise, and his driver's daily log showed his employer as Enterprise. Additionally, his weigh tickets and driver's card indicated Enterprise as his employer.

Perkins was paid by checks written on the account of Master Movers. Master Movers was owned by Ronald David Pierce, who characterized himself as an agent for Enterprise. Master Movers had contracted with Enterprise Truck Line, Inc. to use its equipment and drivers to "transport, load, and unload on behalf of [Enterprise Truck Line, Inc.], such commodities as [Enterprise Truck Line, Inc.] may from time to time make available." At the end of the year, Master Movers provided Perkins with an Internal Revenue Form 1099 specifying his earnings. R. Pierce testified that Enterprise had agreed to provide workers' compensation benefits to leased operators.

At the time of his injury, Perkins was operating a tractor-trailer with the insignia Enterprise Truck Line, Inc. on the side of the tractor. Immediately following his injury, Enterprise paid Perkins' medical bills. Several weeks later, Enterprise began to pay him workers' compensation in the amount of two hundred dollars per week. Although Enterprise Truck Line, Inc. denied in its answers to interrogatories that Perkins was its employee, it admitted having provided workers' compensation insurance as a job benefit.

In its Memorandum Opinion, the trial court found that Perkins had applied for employment with Enterprise Truck Line, Inc. and had been hired by Enterprise's agent. Additionally, the trial court found that Enterprise had agreed to furnish workers' compensation to him, though not required to do so. Based on these findings, the trial court awarded Perkins thirty-five percent permanent partial disability to the body as a whole.

On appeal to the Special Workers' Compensation Appeals Panel, Enterprise challenged the finding that Perkins was its employee. It also challenged the finding that it had "elected" to provide Perkins with workers' compensation benefits. The Panel found that under Tenn.Code Ann. § 50–6–106(1)(A), Perkins was a leased-operator and hence not an employee of Enterprise. Further, the Panel ruled that because written notice had not been filed, no proper election had been made. On that basis, the Panel reversed the decision of the trial court.

We find that the Special Workers' Compensation Appeals Panel interpreted the requirements for election under the workers' compensation statute too narrowly; consequently, we reject the Panel's findings and conclusions.

## II

As stated, at issue is whether Enterprise, whose agent testified that it provided workers' compensation benefits for Perkins and other leased operators, is exempt from paying such benefits to him solely because it failed or refused to file written notice of election required to extend workers' compensation coverage to Perkins.

We previously referred this case to the Special Workers' Compensation Appeals Panel. Pursuant to Tenn.Code Ann. § 50–6–225(e), the Panel heard the case and reduced to writing their findings and conclusions. Since review of those findings and conclusions by this Court has been timely requested, no final judgment has been entered. Tenn.Code Ann. § 50–6–225(e)(5)(B). We now conduct a *de novo* review of the trial court's findings of facts, accompanied by a presumption of correctness unless the evidence preponderates against it. Tenn.Code Ann. § 50–6–225(e)(2).

A fundamental principle in Tennessee is that employers and employees within this state are covered by the Tennessee Workers' Compensation Act unless specifically exempted. Tenn.Code Ann. § 50–6–106 (1991 & Supp.1994). In this case, the Panel correctly found that Perkins was a leased-operator and, as such, not an employee of Enterprise

for purposes of the Workers' Compensation Act. Tenn.Code Ann. § 50–6–106(1)(A).

■ The statute, however, provides that a common carrier may elect to provide workers' compensation benefits for its leased operators. Specifically the statute says:

[n]otwithstanding the provisions of subdivision (1)(A), a leased operator ... under contract to a common carrier may elect to be covered under any policy of workers' compensation insurance insuring the common carrier upon written agreement of the common carrier, by filing written notice thereof, on a form prescribed by the commissioner of labor, with the division of workers' compensation....

Tenn.Code Ann. § 50–6–106(1)(B).

In the case under submission, the record shows that when Perkins was hired he was told by an agent of Enterprise that he would be covered by workers' compensation insurance. Additionally, R. Pierce, an agent of Enterprise, testified that Enterprise had agreed to provide workers' compensation benefits to leased operators. Moreover, Enterprise stated in interrogatories that it provided workers' compensation insurance as a benefit to Perkins (it actually paid Perkins' medical bills and furnished him with "workers' compensation" in the amount of two hundred dollars per week). Nevertheless, Enterprise failed to file the written notice required by Tenn.Code Ann. § 50–6–106(1)(B). The question, then, is whether the requirements of this statute are directory or mandatory.

This Court recently addressed this issue with regard to contractor and subcontractor. *See Presley v. Bennett,* 860 S.W.2d 857 (Tenn.1993). Tenn.Code Ann. § 50–6–113(e) parallels the provision in § 50–6–106(1)(B) by providing:

A subcontractor under contract to a general contractor may elect to be covered under any policy of workers' compensation insurance insuring that contractor upon written agreement with the contractor, by filing written notice thereof, on a form prescribed by the commissioner of labor, with the division of workers' compensation....

Tenn.Code Ann. § 50–6–113(e) (1991 & Supp. 1994).

In *Presley,* this Court held that the procedural requirements were directory, not mandatory. Thus, substantial compliance was sufficient. *Presley,* 860 S.W.2d at 860–61. This Court reasoned that the "Legislature's specific expression of its intent [was] that the Workers' Compensation Act be given an equitable construction so that the objects and purposes of the Act may be realized and attained." *Id.* at 860 (citing Tenn.Code Ann. § 50–6–116). In accordance with that expressed intent, this Court concluded that "the filing requirement is merely directory and that an election may be accomplished by substantial compliance with the workers' compensation statute." *Id.*

Upon the same basis, we hold that the filing requirement in Tenn.Code Ann. § 50–6–106(1)(B) is merely directory and that an election may be accomplished by substantial compliance with the workers' compensation statute. We note that this statutory interpretation is consistent not only with *Presley,* but also with *Commercial Ins. Co. v. Young,* 209 Tenn. 608, 354 S.W.2d 779 (1962). In *Commercial Ins. Co.,* we stated that "no general rule can be laid down other than that a substantial compliance with these [election] provisions is usually required. The question as to whether there has been a sufficient compliance depends upon the facts of the individual cases." *Id.* at 787 (citations omitted).

In *Commercial Ins. Co.,* the employer had not filed notice as required; he had "secured an insurance policy, paid the premiums therefor, and considered itself bound by the provisions of the Act." *Id.* at 785. Based on those facts, this Court held that the employer had substantially complied with the election provision. Similarly, in *Presley,* the employer "agreed to be bound by the workers' compensation law, and premiums were deducted from Presley's compensation for that purpose." *Presley,* 860 S.W.2d at 861. The *Presley* Court also held that the employer had substantially complied with the election provision.

■ Here, Perkins was told by an agent of Enterprise that he was covered by workers' compensation insurance. He accepted employment with this understanding. Further, Enterprise stated in its answers to interrogatories that Perkins was covered by workers' compensation insurance. Therefore, we find that Enterprise complied in a substantial manner with the statutory election requirement; Perkins was covered under the Workers' Compensation Act.

### III

Finally, Enterprise Truck Line, Inc. argues that the evidence preponderates against the trial court's assignment of thirty-five percent permanent disability to the body as a whole. We find that the evidence supports the trial court's finding.

■ The court may consider, among other things, the following factors when assessing vocational disability:

1) an employee's skill and training;
2) an employee's education;
3) an employee's age;
4) local job opportunities; and
5) an employee's capacity to work at the kinds of employment available in his disabled condition.

*Roberson v. Loretto Casket Co.,* 722 S.W.2d 380, 384 (Tenn.1986). This Court has made it clear that there is a clear distinction in workers' compensation cases between anatomical impairment and a disability to work resulting from such impairment. *Holder v. Wilson Sporting Goods Co.,* 723 S.W.2d 104, 107–08 (Tenn.1987). Further, while expert testimony may be used to establish vocational disability, it is not required. *Corcoran v. Foster Auto, GMC, Inc.,* 746 S.W.2d 452, 458 (Tenn.1988). The extent of vocational disability can be established by lay testimony. *Hinson v. Wal–Mart Stores, Inc.,* 654 S.W.2d 675, 677 (Tenn.1983).

■ In this case, the medical proof establishes an eleven percent impairment to the body as a whole. Further, Perkins testified that he had only a ninth grade formal education, however he had subsequently obtained a General Equivalency Degree. Perkins further testified that his past work his-tory included working in strip mines, driving a truck and/or operating over-the-road tractor-trailers. These jobs had required him to do heavy lifting, repetitive bending, twisting, and stooping activities. Finally, Perkins demonstrated for the court how little he could straighten his arm.

In light of these circumstances, the judge assessed the vocational disability at thirty-five percent. We find that the evidence does not preponderate against this finding. Thus, we affirm the trial court's assessment of disability.

### IV

In conclusion, the findings and conclusions of the Special Workers' Compensation Appeals Panel are rejected and the judgment of the trial court awarding workers' compensation benefits to Perkins is reinstated.

ANDERSON, C.J., DROWOTA and REID, JJ., and O'BRIEN, Special Justice, concur.