IN THE COURT OF APPEALS OF TENNESSEE
AT KNOXVILLE

# U.S. FIDELITY & GUARANTY v. WACO CONTRACTORS, INC.

**Direct Appeal from the Circuit Court for Monroe County**
**No. 11064      John B. Hagler, Jr., Judge**

---

**No. E2000-00159-COA-R3-CV - Decided June 13, 2000**

---

An employer indicated in an application for workers' compensation insurance its intent to exclude particular corporate officer employees from coverage under the policy. The insurance company first assessed premium payments based upon exclusion of the listed employees. A later audit by the insurance company resulted in back-assessment of premiums for coverage of the employees indicated as excluded in the policy application. Notice by the insurance company to the local insurance agency of the statutory procedures necessary to effect exemption of the corporate officer employees was insufficient notice to the employer in the contract dispute between the employer and the insurance company. The contractual intent of the employer was known to the insurance company at the time the policy was issued, the insurance company had superior knowledge of the statutory requirements necessary to effect the employer's intent as expressed in the application, the application was used by the insurance company to calculate the premiums due under the policy, and the insurance company failed to give timely notice to the employer of steps necessary to establish the contract as negotiated by the parties. The Judgment of the Trial Court is reversed and remanded.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of Circuit Court Reversed and Remanded.**

SWINEY, J., delivered the opinion of the court, in which FRANKS and SUSANO, JJ. joined.

Clifford E. Wilson, Madisonville, Tennessee, for the appellant, Waco Contractors, Inc.

John E. Buffaloe, Jr., Nashville, Tennessee, for the appellee, U.S. Fidelity & Guaranty.

## OPINION

### Background

Plaintiff/Appellee U.S. Fidelity and Guaranty ("Plaintiff") is an insurance company doing business in various capacities in Tennessee, including workers' compensation coverage.

Defendant/Appellant WACO Contractors, Inc. ("Defendant") is a construction company in Monroe County, Tennessee. Defendant sought to obtain a policy for workers' compensation insurance after its policy with Aetna Insurance was cancelled when Aetna pulled out of the Tennessee workers' compensation market. Tom Walker, in his capacity as a corporate officer of Defendant, contacted a Monroe County insurance agency and filled out an application for workers' compensation coverage dated August 22, 1994. As part of the application used by Plaintiff to issue the policy to Defendant, Tom Walker completed a section headed, "Individuals Included/Excluded." Under this section, Tom Walker as Vice President of Defendant and Martha A. Walker as President were listed as excluded from coverage under the application. Under a separate heading, "Rating Information," ten employees were listed for coverage under four separate employment categories: carpentry, roofing, electrical wiring, and excavating/driving.

Plaintiff entered into evidence at trial an unsigned letter from Plaintiff's workers' compensation service center dated September 13, 1994. This letter is addressed to the local insurance agency that processed Defendant's application, but is not addressed to any particular individual at that agency. The letter identifies Defendant and Defendant's policy number assigned by Plaintiff, and indicates that the application sought to exclude coverage for a "Harshad Patel." While the identity of Harshad Patel is unknown from the record, it is clear that Harshad Patel was not an employee of Defendant, and, in fact, had no connection at all with Defendant. The letter goes on to state,

> Please be advised that in order to exclude any corporate officers from the above captioned policy, we will need to receive the appropriate officer exclusion form in our office, filled out by the insured and approved by the Tennessee Department of Labor.
>
> Please note that this policy has been issued with no corporate officers being excluded on the policy.
>
> Failure to provide the exclusion form could result in the officers' payroll being picked up at the time of final audit.

There is no copy list indicated on the letter, and Plaintiff apparently never made efforts to provide a copy of this letter or the information concerning the additional steps stated in the letter as necessary to effect exclusion from coverage for the corporate officers to Defendant.

In August 1995, Defendant transferred its insurance business with Plaintiff to another agency in Riceville, Tennessee. The policy at issue was renewed around that time. An employee of Plaintiff, Anna Lighthouser, audited various records of Defendant on October 18, 1995 and discovered the failure of Defendant to comply with the procedures for exclusion of coverage for corporate officers as set forth in T.C.A. § 50-6-104. Plaintiff assessed an amount for coverage of the two officers under the workers' compensation policy dating back to the date the policy was issued to Defendant in August 1994, and assessed increased premiums for coverage through August 1996.

Defendant disputed the assessment, and Plaintiff filed suit in Monroe County General Sessions Court June 6, 1997, seeking $5,471.00 for unpaid insurance premiums. Plaintiff prevailed at trial in General Sessions Court, and Defendant appealed to Monroe County Circuit Court. At the Circuit Court trial August 13, 1999, exhibits from the General Sessions trial were admitted into evidence, and the Trial Court heard testimony from Anna Lighthouser and Tom Walker. Part of the evidence consisted of the letter sent from Plaintiff to the local insurance agency in Monroe County. Plaintiff argued that a provision in a manual of the National Council on Compensation Insurance ("NCCI") established that the local insurance agent was the agent of the employer and not the agent of the insurance company. Judgment in favor of Plaintiff for $5,455.00 was entered September 13, 1999, without detail, but stating it was "based upon the testimony of witnesses in open court, documents and exhibits introduced therein, representations of counsel, and the entire record in this cause." It is from this final judgment that Defendant appeals.

### Discussion

Our review is *de novo* upon the record, accompanied by a presumption of the correctness of the findings of fact of the Trial Court, unless the preponderance of the evidence is otherwise. Rule 13(d), T.R.A.P.; *Davis v. Inman*, 974 S.W. 2d 689, 692 (Tenn. 1998). The Trial Court's conclusions of law are subject to a *de novo* review. *Ganzevoort v. Russell*, 949 S.W. 2d 293, 296 (Tenn. 1997).

Although not precisely as stated by the parties, the issues on appeal are:

1. The effect of Defendant's election to exclude coverage for its corporate officers in the application for workers' compensation insurance filed with Plaintiff;

2. The effect of T.C.A. § 50-6-104 on the issue of premiums due under the policy at issue;

3. The effect of T.C.A. § 56-6-147, T.C.A. § 56-5-314, and a procedures manual promulgated by the National Council on Compensation Insurance upon the status of the insurance agency as the agent for the insurer or the insured as to the issue of notice given by the September 13, 1994 letter;

4. The application of a minimum weekly wage in calculating workers' compensation premiums for a period of time in which corporate officers were not paid wages.

5. The appropriateness of the Circuit Court judgment for $5,455.00.

As to Defendant's issue concerning the notation on the application for insurance that Defendant sought to exclude coverage for corporate employees, Defendant argues that neither the application nor the policy of insurance indicates that any steps other than the election on the application needed to be taken by it to exclude workers' compensation coverage for the two officers. Plaintiff responds that T.C.A. § 50-6-104 "requires strict written notice" to effect exemption of

corporate officers from coverage under the workers' compensation statutes.

(a) Any officer of a corporation may elect to be exempt from the operation of the Workers' Compensation Law. Any officer who elects such exemption and who, after electing such exemption then revokes that exemption, shall give notice to such effect in accordance with a form to be prescribed by the division.

(b) Notice given pursuant to subsection (a) shall be given thirty (30) days prior to any accident resulting in injury or death; provided, that if any injury or death occurs less than thirty (30) days after the date of employment, notice of such exemption or acceptance given at the time of employment shall be sufficient notice thereof.

(c) The notice of election not to accept the provisions of the Workers' Compensation Law shall be as follows:

The employee shall give written or printed notice to the employer of the employee's election not to be bound by the provisions of the Workers' Compensation Law and file with the division, a duplicate, with proof of service on the employer attached thereto, together with an affidavit of the employee that the action of the employee in rejecting the provisions of such law was not advised, counseled or encouraged by the employer or by anyone acting for the employer.

T.C.A. § 50-6-104.

Plaintiff argues on appeal that this statute requires action by the employees who would otherwise be subject to the workers' compensation act to effect exemption from coverage. Although Plaintiff's argument cites this statute in this dispute over premiums due under a workers' compensation policy, the purpose of this exemption is to establish whether a corporate officer employee is entitled to compensation for personal injury or death under the workers' compensation act, or whether the corporate officer employee proceeds in tort in the event such injury or death occurs.

(a) Every employer and employee subject to the Workers' Compensation Law shall, respectively, pay and accept compensation for personal injury or death by accident arising out of and in the course of employment without regard to fault as a cause of the injury or death; *provided, that any employee who is a corporate officer of the employer shall not be bound if such employee has given, prior to any accident resulting in injury or death, notice to be exempted from the provisions of such law as provided in this part.*

(b) The election by any employee who is a corporate officer of the employer to be exempted from the provisions of the Workers' Compensation Law shall not reduce the number of employees of such employer for the purposes of determining the requirements of coverage of the employer under such law.

-4-

T.C.A. § 50-6-103 (emphasis added).

These statutes address the rights of the employee under the workers' compensation statutes in the event of an accident, not the rights of an insurance company against an employer in the event a dispute arises over the contract for insurance between the employer and the insurance company.

While these statutes establish the procedure for effecting exemption from both the rights and limitations under the workers' compensation act, Plaintiff cites no authority to support its proposition that the procedure is to be strictly construed when the issue is one of insurance premiums between the employer and the insurer rather than an issue of coverage of an employee. However, there is ample authority that workers' compensation statutes are to be construed in an equitable manner.

The rules regarding construction of workers' compensation statutes are firmly established.

> "Generally, statutes in derogation of the common law are to be strictly construed and confined to their express terms...." *Ezell v. Cockrell*, 902 S.W.2d 394, 399 (Tenn.1995). "When the words of a statute are plain and unambiguous, the assumption is 'that the legislature intended what it wrote and meant what it said.' The pertinent language must be [applied] 'without any forced or subtle construction extending its import.'" *McClain v. Henry I. Siegel Co.*, 834 S.W.2d 295, 296 (Tenn.1992) (quoting *Worrall v. Kroger Co.*, 545 S.W.2d 736, 738 (Tenn.1977)). However, "[t]he most basic principle of statutory construction is to ascertain and give effect to the legislative intent without unduly restricting or expanding a statute's coverage beyond its intended scope." *Owens v. State*, 908 S.W.2d 923, 926 (Tenn.1995); *State v. Sliger*, 846 S.W.2d 262, 263 (Tenn.1993). Furthermore, the Workers' Compensation statute provides that the law "is declared to be a remedial statute which shall be given an equitable construction by the courts to the end that the objects and purposes of this chapter may be realized and attained." Tenn.Code Ann. § 50-6-116 (1991); *Betts v. Tom Wade Gin*, 810 S.W.2d 140, 142 (Tenn.1991).
>
> *Perry v. Sentry Ins. Co.*, 938 S.W.2d 404, 406 (Tenn. 1996).

The intended scope of the statute cited by Plaintiff is not to address premiums due under a policy of insurance, but to establish the rights and remedies available at law when the statutes apply.

> (a) The rights and remedies herein granted to an employee subject to the Workers' Compensation Law on account of personal injury or death by accident, including a minor whether lawfully or unlawfully employed, shall exclude all other rights and remedies of such employee, such employee's personal representative, dependents or next of kin, at common law or otherwise, on account of such injury or death.
>
> * * * *

-5-

T.C.A. § 50-6-108.

Plaintiff attempts to establish the corporate officer employees' failure to comply strictly with the statutory procedures for exemption of such employees from the workers' compensation act as binding on the employer in a contract dispute with the insurance carrier. Coverage for an accident is not at issue here. Under the facts of this case, T.C.A. § 50-6-104 does not require a strict application to this contract dispute between a corporate employer and an insurance company. It is clear from the plain wording of T.C.A. § 50-6-103(a) that the intent of the exclusion procedure is "that any employee who is a corporate officer of the employer shall not be bound" under the workers' compensation act to "accept compensation for personal injury or death by accident arising out of and in the course of employment without regard to fault as a cause of the injury or death." Although no cases applying exemption under T.C.A. § 50-6-104 are cited by the parties, sufficient guidance is found in cases addressing procedural compliance in other workers' compensation disputes.

Rather than mandatory, similar requirements that notice be filed with state authorities under the workers' compensation act have been found to be directory in nature. *See*, *Perkins v. Enterprise Truck Lines, Inc.*, 896 S.W.2d 123, 126-127 (Tenn. 1995)(concerning election of coverage for common carriers); *Presley v. Bennett*, 860 S.W.2d 857, 860-861 (Tenn. 1993) (concerning issues regarding election of workers' compensation coverage by a subcontractor under the policy of the general contractor); and *Commercial Ins. Co. v. Young*, 354 S.W.2d 779, 787 (Tenn. 1962)(where sufficient compliance with the statutes was found to depend upon the facts of the individual case).

Here, protection of workers and their families is not at issue. What is at issue is whether Plaintiff can rely upon the procedures in T.C.A. § 50-6-104 to come back at a later date and demand payment for services that Defendant clearly did not seek in the insurance application. Although Defendant was asked to make, and did make, this election on the application for insurance, the statutory procedures Plaintiff now relies upon as a shield are referenced neither in the application where Defendant was required to make its election nor in the policy of insurance that resulted from the application. In short, there is no evidence in the record of notice from Plaintiff to Defendant of the potential consequences of not completing the statutory procedures to effect Defendant's expressed intent. Plaintiff's only argument regarding notice is that the letter of September 13, 1994 sent to the insurance agency where the application was filed was notice to Defendant under the NCCI manual. Defendant specifically objected to admissibility of the NCCI manual at trial as to this issue, and was overruled by the Trial Court. Defendant also objected on a more general basis that there was no foundation for admissibility of the manual as establishing the "rules" for policies issued under the assigned risk pool as asserted by Plaintiff, and the Trial Court apparently also overruled this objection. The manual section at issue defines a "Producer" as:

A properly licensed insurance agent, as defined in the state Insurance Code, whose privileges under this Plan have not been suspended or revoked; provided, however, that such producer shall, for purposes of this Plan, be considered to be acting on behalf of the insured or employer applying under this Plan and not as a producer of

the Plan Administrator or of any assigned carrier for Plan business.

Plaintiff argued at trial, and argues on appeal, that T.C.A. § 56-5-314 establishes the NCCI manual exhibited at trial as the "governing rules" for policies, such as this one, issued under the workers' compensation assigned risk pool. Plaintiff cites no authority other than the establishment of the assigned risk pool in T.C.A. § 56-5-314 for this interpretation. The Trial Court apparently accepted this argument in not addressing the failure of Plaintiff to provide notice to Defendant, other than the September 13, 1994 letter addressed to the insurance agency. Other than Plaintiff's assertion, neither evidence nor citation appears in the record to support Plaintiff's position. Plaintiff argues that, under the NCCI procedures, the insurance agent was the agent of Defendant and not the agent of Plaintiff. Our analysis does not support Plaintiff's argument that sending the letter, particularly one with the obvious defects of this letter, to the insurance agent served to provide notice of the statutory requirements to Defendant.

The applicability of T.C.A. § 56-5-314 is set forth in T.C.A. § 56-5-301, which states that the part "applies to all kinds of insurance written on risks in this state by any insurer," and then lists exceptions that do not apply here. There is no evidence in the record to support Plaintiff's contention that the NCCI manual section introduced at trial establishes the rules of agency in this insurance contract dispute. Defendant, on the other hand, does cite statutory authority for the proposition that the agent to whom the letter was directed was the agent of the insurance company, arguing that notice to the agent, even if otherwise sufficient, cannot be imputed to Defendant.

> Every insurance agent or limited insurance representative who solicits or negotiates an application for insurance of any kind shall, in any controversy arising from the application for insurance or any policy issued in connection therewith between the insured or insured's beneficiary and the insurer, be regarded as the agent of the insurer and not the insured or insured's beneficiary. This provision shall not affect the apparent authority of an agent.
>
> T.C.A. § 56-6-147.

Plaintiff has not raised an issue of apparent authority of the insurance agent. This is certainly a controversy arising from an application for insurance. The application at issue was relied upon by Plaintiff in setting the premiums that resulted in the present dispute. The purpose of T.C.A. § 56-6-147

> ... is to prevent the insurance company from denying responsibility for representations and actions from the agent from whom applications are voluntarily accepted and to protect an applicant who relies on such representations or actions. The statute ... is thus liberally construed in the insured's favor.
>
> *Bill Brown Const. Co., Inc. v. Glens Falls Ins. Co.*, 818 S.W.2d 1, 4 (Tenn. 1991).

Here, even without liberally construing T.C.A. § 56-6-147 in the insured's favor, we

find Plaintiff's position that the NCCI manual provision overrides the statute is without apparent legal foundation. Plaintiff's attempt to use the NCCI manual to establish notice fails. The letter apparently sent by Plaintiff to the insurance agency in Monroe County served to establish only that Plaintiff knew of the potential for this dispute within weeks of the application by Defendant, and failed to notify Defendant in an appropriate manner under the facts of this case.

The September 13, 1994 letter does establish that Plaintiff knew of Defendant's intent to exclude coverage for the corporate officer employees from the workers' compensation policy, and failed to disclose to Defendant that additional steps needed to be taken to effect Defendant's intention under the contract of insurance. That Plaintiff had superior knowledge of the statutory procedures and knew that Defendant should be properly apprised of the information in order to achieve the intent of Defendant's application is apparent from the wording of the letter, using the phrases "please be advised" and "please note" to emphasize that, even though this was not communicated to Defendant, the corporate officers were not excluded from coverage under the policy. This letter establishes that Plaintiff knew the proper premiums were not being charged, but failed to take appropriate measures to provide this notice to Defendant. As noted above, discussing in a letter to Plaintiff's agent a "Harshad Patel," who apparently had nothing to do with Defendant in any capacity, is insufficient to establish proper notice to Defendant relating to this contract issue. Defendant clearly indicated to Plaintiff that Defendant did not want the corporate officer employees covered under the contract of insurance, and Plaintiff failed to give timely notice to Defendant that this was not effectuated.

The Trial Court erred in strict application of the procedures established in T.C.A. § 50-6-104, which govern the rights and responsibilities of corporate officer employees under the workers' compensation act in the event of an accident, to this contract dispute between the employer and the insurance company. Plaintiff had superior knowledge of the steps necessary to effectuate Defendant's clearly stated intent in contracting for coverage, and Plaintiff failed to take adequate steps to notify Defendant that the resulting contract did not provide what Defendant requested in the application for insurance. The statutory directive of T.C.A. § 56-6-147 establishing the insurance agent as the agent of the insurance company in any controversy arising from the application for insurance nullifies Plaintiff's unsupported assertion regarding the NCCI manual as to the issue of notice raised by the letter of September 13, 1994.

Our holding is limited to a contract dispute between an insurance company and the employer concerning the amount of premiums due under the workers' compensation insurance policy. Our holding in no way limits or expands the rights and responsibilities between employees and employers under the workers' compensation statutes.

## Conclusion

The judgment of the Trial Court is reversed, and this cause remanded to the Trial Court for such further proceedings as may be required, if any, consistent with this Opinion and for collection of costs below. Costs of this appeal are assessed to U.S. Fidelity & Guaranty.

-8-