# IN THE SUPREME COURT OF TENNESSEE
## AT JACKSON
April 7, 2004 Session

## PETE HONSA v. TOMBIGBEE TRANSPORT CORP., ET AL.

**An Appeal from the Circuit Court for Hardin County**
**No. 3462      C. Creed McGinley, Judge**

---

**No. W2003-01048-SC-R3-CV - Filed July 13, 2004**

---

**AND**

## EDDIE GENE BROWN V. TOMBIGBEE TRANSPORT CORP.

**An Appeal from the Circuit Court for Hardin County**
**No. 3433      C. Creed McGinley, Judge**

---

**No. W2003-01050-SC-R3-CV - Filed July 13, 2004**

---

**AND**

## WILLIAM B. STEVENSON V. TRANSWAY, INC., ET AL.

**An Appeal from the Circuit Court for Hardin County**
**No. 3388      C. Creed McGinley, Judge**

---

**No. W2003-01310-SC-R3-CV - Filed July 13, 2004**

---

The issue raised in these three workers' compensation cases, consolidated for appeal, is whether the defendant is the employer of the plaintiffs and thus responsible for providing workers' compensation insurance coverage for them. In each case, the trial court granted the defendant's motion for summary judgment. We hold that under Tennessee Code Annotated section 50-6-106(1)(A), the defendant is not, as a matter of law, the plaintiffs' employer so as to subject the defendant to liability under the Workers' Compensation Law. Therefore, we affirm the judgments of the trial court.

**Tenn. Code Ann. § 50-6-225(e) Appeal as of Right; Judgments of the Trial Court Affirmed**

JANICE M. HOLDER, J., delivered the opinion of the court, in which FRANK F. DROWOTA, III, C.J., and E. RILEY ANDERSON, ADOLPHO A. BIRCH, JR., and WILLIAM M. BARKER, JJ., joined.

Ricky L. Boren and Robert N. Russ, Jackson, Tennessee, for the Appellant, Pete Honsa.

Terry Lynn Wood, Corinth, Mississippi, for the Appellant, Eddie Gene Brown.

Curtis F. Hopper, Savannah, Tennessee, for the Appellant, William B. Stevenson.

Amber A. Edwards and J. Arthur Crews II, Jackson, Tennessee, for the Appellee, Tombigbee Transport Corp.

Dianne Stamey Dycus, Deputy Attorney General, Nashville, Tennessee, for the Appellee, the Second Injury Fund.

**OPINION**

Factual and Procedural Background

On August 4, 2000, William B. Stevenson fell from the back of a trailer, injuring his knee. On January 11, 2001, Pete Honsa was injured following a collision with a car when he fell to the ground while exiting the truck he was driving. On March 22, 2001, Eddie Gene Brown[1] hurt his back while attempting to close a door on a trailer. All of the plaintiffs drove trucks for Tombigbee Transport Corporation ("Tombigbee").

After these accidents, the plaintiffs sought workers' compensation benefits from Tombigbee. Tombigbee asserted that pursuant to Tennessee Code Annotated section 50-6-106(1)(A), it was not the employer of the plaintiffs. The trial court agreed and granted summary judgment in favor of Tombigbee in each case.

The plaintiffs appealed, and the cases were consolidated for argument before this Court.

---

[1] The appellant's middle name is sometimes spelled "Gean" in the record and is spelled "Gean" in the appellant's brief. We are unable to determine the correct spelling.

Analysis

We review an appeal from a grant of summary judgment de novo, according no presumption of correctness to the trial court's disposition. See Edwards v. Hallsdale-Powell Util. Dist., 115 S.W.3d 461, 464 (Tenn. 2003); Godfrey v. Ruiz, 90 S.W.3d 692, 695 (Tenn. 2002). Tombigbee relies upon Tennessee Code Annotated section 50-6-106(1)(A) in support of its position that it is not the plaintiffs' employer. Tennessee Code Annotated section 50-6-106(1)(A) provides in pertinent part that "no common carrier by motor vehicle operating pursuant to a certificate of public convenience and necessity shall be deemed the 'employer' of a leased-operator or owner-operator of a motor vehicle or vehicles under a contract to such a common carrier." There is no dispute that Tombigbee is a "common carrier by motor vehicle operating pursuant to a certificate of public convenience and necessity." Tenn. Code Ann. § 50-6-106(1)(A) (1999). The parties dispute, however, whether the plaintiffs were "leased-operator[s] . . . of a motor vehicle or vehicles under a contract to" Tombigbee. Id.

The present cases involve statutory interpretation and present a common question of law. Our review of questions of law is de novo. See Wallace v. State, 121 S.W.3d 652, 656 (Tenn. 2003). Our role in construing a statute is "'to ascertain and give effect to the legislative intent without unduly restricting or expanding a statute's coverage beyond its intended scope.'" Houghton v. Aramark Educ. Res., Inc., 90 S.W.3d 676, 678 (Tenn. 2002) (quoting Owens v. State, 908 S.W.2d 923, 926 (Tenn. 1995)). We determine legislative intent "from the natural and ordinary meaning of the statutory language within the context of the entire statute without any forced or subtle construction that would extend or limit the statute's meaning." State v. Flemming, 19 S.W.3d 195, 197 (Tenn. 2000). "When the statutory language is clear and unambiguous, we apply the plain language in its normal and accepted use." Boarman v. Jaynes, 109 S.W.3d 286, 291 (Tenn. 2003).

A "leased-operator" for the purposes of Tennessee Code Annotated section 50-6-106(1)(A) is a "non-owner operating a vehicle pursuant to a lease agreement." Long v. Stateline Sys., Inc., 738 S.W.2d 622, 623 (Tenn. 1985). If the plaintiffs are "leased-operators . . . under a contract to" Tombigbee, then Tombigbee is not the plaintiffs' employer. In support of its position that the plaintiffs fall within this provision, Tombigbee relies upon a 1993 "Service Agreement" between itself and Transway Corporation ("Transway").[2]

In the "Service Agreement" executed by Tombigbee and Transway on March 15, 1993, Transway agreed to provide drivers to Tombigbee. The agreement states that the personnel Transway supplied to Tombigee "shall at all times be employees of Transway only." Additionally, the agreement specifically states that Transway would provide workers' compensation insurance coverage for the personnel it supplied to Tombigbee.

---

[2]Transway filed a voluntary petition for Chapter 7 bankruptcy on April 2, 2001, shortly after the injury to Mr. Brown. Transway was not created or owned by Tombigbee. The plaintiffs are unable to recover workers' compensation benefits from Transway because Transway is now bankrupt.

By its terms, however, the March 1993 agreement between Transway and Tombigbee expired at the end of thirty days. Tombigbee asserts that it operated under an implied lease agreement when it continued to abide by the terms of the "Service Agreement" beyond the stated thirty-day term. The plaintiffs disagree, arguing that no contract existed between Tombigbee and Transway at the time they were injured and thus Tennessee Code Annotated section 50-6-106(1)(A) is inapplicable. The plaintiffs point to the provision in the 1993 agreement that states that "[n]o change, alteration, modification, or addition to this Agreement shall be effective unless in writing and properly executed by the parties hereto" to bolster their argument that no valid contract existed between Tombigbee and Transway once the agreement's thirty-day term expired.

Tennessee Code Annotated section 50-6-106(1)(A) requires that leased-operators be "under a contract" to a common carrier for the common carrier to be exempt from the Workers' Compensation Law. The statute, however, does not specify what type of contract must exist. In particular, the statute does not state that the contract must be written. We conclude that the language of Tennessee Code Annotated section 50-6-106(1)(A) simply requires a contractual relationship between the lessor and the lessee.

We have held that if the same services continue to be rendered following the expiration of a contract for a definite term and no new agreement is executed, it is presumed a new contract has been created having the same terms and conditions as the original. See Delzell v. Pope, 294 S.W.2d 690, 694 (Tenn. 1956). Tombigbee clearly had an ongoing contractual relationship with Transway after the expiration of the March 1993 "Service Agreement." Tombigbee continued to pay Transway for the services of its drivers, and Transway continued to provide drivers to Tombigbee. We conclude that this relationship is sufficient to satisfy the requirement of a contract in Tennessee Code Annotated section 50-6-106(1)(A). This result is consistent with the express legislative intent that common carriers be removed from consideration as the statutory employer of leased-operators. See Long, 738 S.W.2d at 623-24.

The plaintiffs also argue that it would be unfair to allow Tombigbee to deny its status as employer when Tombigbee admittedly supervised the plaintiffs' work and controlled the means and methods by which they carried out their duties. However, control is not relevant in determining whether a trucking company is an employer as defined by Tennessee Code Annotated section 50-6-106(1)(A). A person who is "a leased-operator . . . under a contract to . . . a common carrier" is not an employee of the common carrier pursuant to the plain language of the statute. See Joslin v. Mich. Mut. Ins. Co., 742 S.W.2d 263, 265 (Tenn. 1987). This status is not affected by the employer's control or right to control the plaintiffs.

One plaintiff, Honsa, also contends that he should be able to recover workers' compensation benefits from Tombigbee pursuant to our decision in Perkins v. Enterprise Truck Lines, Inc., 896 S.W.2d 123 (Tenn. 1995). The plaintiff, Perkins, was injured and sought benefits from Enterprise Truck Lines, Inc. ("Enterprise"). Perkins, 896 S.W.2d at 124. Enterprise contended that Perkins was a leased-operator under Tennessee Code Annotated section 50-6-106(1)(A). Following the injury, however, Enterprise paid Perkins' medical bills and some weekly disability benefits. We affirmed

the trial court's finding that Enterprise had elected to provide Perkins with workers' compensation insurance coverage despite his leased-operator status and held that Enterprise was required to pay workers' compensation benefits to Perkins. Id. at 125-27.

Honsa urges this Court to hold that Tombigbee is required to provide workers' compensation insurance coverage to him, just as Enterprise was required to provide coverage to Perkins. We decline to so hold. Perkins is distinguishable from the present cases. Unlike Enterprise, Tombigbee did not voluntarily elect to provide workers' compensation insurance coverage. Tombigbee never agreed to provide workers' compensation to leased-operators, and it paid no workers' compensation benefits to any of the plaintiffs until it was ordered to do so.

Finally, emphasizing the language "under *a* contract," the plaintiffs argue that Tennessee Code Annotated section 50-6-106(1)(A) is meant to apply only in situations in which a common carrier leases both a vehicle and an operator from the same entity in a single document. The trucks driven by the plaintiffs were leased by Tombigbee from Penske Truck Leasing, L.P. We find no support for the plaintiffs' narrow interpretation of this statutory language. This contention is without merit.

## Conclusion

For the aforementioned reasons, we affirm the trial court's grant of summary judgment in favor of Tombigee in each case. Costs of this appeal are taxed to the appellants – William B. Stevenson, Pete Honsa, and Eddie Gene Brown – and their sureties, for which execution may issue if necessary.

_____
JANICE M. HOLDER, JUSTICE