Brenda COLLINS, Plaintiff–Appellant,

v.

HOWMET CORPORATION,
Defendant–Appellee.

Supreme Court of Tennessee,
at Knoxville.

June 8, 1998.

Danny M. Hryhorchuk, Morristown, for Plaintiff–Appellant.

George R. Arrants, JR., Knoxville, for Defendant–Appellee.

## OPINION

BIRCH, Justice.

In this workers' compensation action, the employer, Howmet Corporation, appealed from a judgment of the Circuit Court of Hamblen County finding that the employee, Brenda Collins, sustained a seventy percent permanent vocational disability to the body as a whole due to a work-related back injury. The case was referred to the Special Workers' Compensation Appeals Panel for findings of fact and conclusions of law, pursuant to Tenn.Code Ann. § 50–6–225(e)(5). The Panel reduced the award from seventy percent permanent vocational disability to fifty per-

cent. In doing so the Panel stated only: "[f]rom our examination of the record and a consideration of the pertinent factors in this case, the panel finds the evidence to preponderate against an award based on seventy percent and in favor of one based on fifty percent to the body as a whole." We find the Panel's statement is insufficient to provide a meaningful basis for its ruling. In the future, if a Panel recommends modification or reversal of an award of the trial court, it should set out in detail its reasons and make appropriate findings of fact and conclusions of law.

The employee sought full Court review of the Panel's ruling. We granted the motion in order to review the Panel's ruling that the evidence preponderates against the trial court's award of seventy percent vocational disability. After carefully examining the record before us and considering the relevant authorities, we find that the evidence does not preponderate against the trial court's award.

The employee, who was forty-three years old at the time of trial, had obtained a high school equivalency certificate (GED), and had completed approximately sixty credit hours at Walters State Community College. Additionally, she had obtained a license to sell real estate in 1990 and had sold real estate part-time for approximately six months. The license is now in inactive status. The remainder of her employment history consists of production and assembly work, as well as positions as waitress and cashier.

At the time of the injury which precipitated this suit, the employee operated heavy machinery which made wax patterns for jet engine parts. This required her to push cast iron molds from a table to the machinery and then pull them back to the table again. She described the job as requiring "constant reaching and bending."

On March 31, 1992, while on the job, the employee felt a "sharp" pain in her lower back. Within days, she was experiencing pain and numbness in her left leg and, eventually, in both legs. She continued working sporadically until she was laid off in October 1992; she has not worked since. Although the employer offered her different duties within the plant, she felt that performance of those duties was beyond her medical restrictions. Also, she was concerned about having to operate dangerous machinery while in pain and under the influence of medication.

The employee testified at trial that she suffers from severe and constant pain, as well as depression. She has trouble concentrating and finds it difficult to cook, sleep, drive, walk, or shop. She has become withdrawn and depends on others to perform many of her household responsibilities. Several witnesses supported the employee's testimony regarding the effect her injury has had on her.

The employee was treated for her back and leg problems by Steven Sanders, M.D., a neurosurgeon. Sanders found bulging discs at three levels of the employee's spine. His diagnosis was "mechanical low back pain," and he felt that she was not a candidate for surgical intervention. He assigned a permanent anatomical impairment rating of nine percent to the body as a whole and restricted her from lifting more than eighteen pounds or remaining in one position for more than an hour at a time. Sanders opined that the employee could not return to her previous job, but could do sedentary light work consistent with her restrictions.

The employee was also seen by William Kennedy, M.D., an orthopedic surgeon. Kennedy's diagnosis was "chronic low back syndrome"; he attributed this condition to the injury occurring at work on March 31, 1992. He assigned a permanent anatomical impairment rating of fourteen percent. Kennedy recommended that her future employment be "light" and that she refrain from repetitive bending, stooping, squatting, pulling, pushing, or climbing. He also recommended that she change positions every thirty minutes and lift no more than twenty pounds occasionally or seven pounds frequently. Kennedy did not anticipate that the employee could return to production-type work.

In addition to the medical proof, two vocational disability experts testified at trial. The first, Julian Nadolsky, Ed.D., testified that based solely on the restrictions placed

on the employee by Sanders and Kennedy, the employee would be fifty-eight percent vocationally disabled. However, based upon his interview with the employee and examination of her records, Nadolsky determined that she is one hundred percent vocationally disabled. Because she complains of severe and chronic pain, and because her back condition remains uncorrected, Nadolsky concluded that she cannot obtain and keep any job that she is otherwise qualified to perform.

The other vocational expert, Edward Smith, M.S., refused to give an opinion as to a percentage of vocational disability because "he did not believe in [vocational disability ratings] at all." Nonetheless, he testified that there were many employment opportunities for the employee in the category of light work, including selling real estate. He opined that the position of real estate agent fell within the employee's physical restrictions and that positions were available within a reasonable distance of her home. In contrast, both the employee and Nadolsky testified that they did not believe she was capable of working as a real estate agent because the job requires too much moving around.

At trial, the court found that the employee had sustained a seventy percent permanent vocational disability to the body as a whole and awarded benefits accordingly. The Special Workers' Compensation Appeals Panel recommended reduction of the trial court's judgment to reflect an award based on fifty percent vocational disability to the body as a whole. Thereafter, we granted the employee's motion for full Court review and now reject the Panel's recommendation and affirm the judgment of the trial court.

In workers' compensation cases, the standard of review in this Court on issues of fact is *de novo* upon the record of the trial court, accompanied by a presumption of the correctness of the findings, unless the preponderance of the evidence is otherwise. Tenn.Code Ann. § 50–6–225(e)(2); *Spencer v. Towson Moving and Storage Inc.*, 922 S.W.2d 508, 509 (Tenn.1996). When a trial court has seen and heard witnesses, especially where issues of credibility and weight of oral testimony are involved, considerable deference must be accorded to the trial court's factual findings. *Humphrey v. David Witherspoon, Inc.*, 734 S.W.2d 315, 315 (Tenn. 1987).

Furthermore, it is well established that the extent of vocational disability is a question of fact to be determined from all the evidence, including lay and expert testimony. *Henson v. City of Lawrenceburg*, 851 S.W.2d 809, 812 (Tenn.1993); *Worthington v. Modine Mfg. Co.*, 798 S.W.2d 232, 234 (Tenn. 1990). Factors to be considered in determining the extent of vocational disability include the employee's job skills and training, education, age, extent of anatomical impairment, duration of impairment, local job opportunities, and the employee's capacity to work at the kinds of employment available to her in her disabled condition. *Perkins v. Enterprise Truck Lines, Inc.*, 896 S.W.2d 123, 127 (Tenn.1995); *Orman v. Williams Sonoma, Inc.*, 803 S.W.2d 672, 677–78 (Tenn.1991). The employee's own assessment of her physical condition and resulting disability is competent testimony that should be considered as well. *Id.* at 678. With these principles in mind, we examine the record in this case to determine whether the evidence preponderates against the trial court's finding of seventy percent vocational disability.

An examination of the record reveals several factors which support the trial court's decision on vocational disability. With respect to the employee's job skills and training, the proof shows that her work experience is that of restaurant employee, factory worker, and cashier. She was assigned permanent anatomical impairment ratings of nine percent by a neurosurgeon and fourteen percent by an orthopedic surgeon. She is permanently restricted from repetitive movement and lifting. In light of her work experience, these restrictions are of considerable practical significance. Moreover, there is expert testimony that the employee is one hundred percent vocationally disabled. Finally, the employee's testimony that she is in constant pain, depressed, and that her physical problems have persisted for nearly four years is uncontradicted.

Concededly, there was testimony by a vocational expert that the employee may be able to sell real estate, at least on a part-time basis, and that positions as real estate agent are available close to the employee's home. However, in light of all the circumstances, we cannot conclude that the evidence preponderates against the trial court's assessment of the weight and credibility of this and other testimony regarding the employee's vocational disability. Consequently, we reject the recommendation of the Special Workers' Compensation Appeals Panel and reinstate the judgment of the trial court awarding workers' compensation benefits based upon seventy percent vocational disability.

For the foregoing reasons, the judgment of the trial court is affirmed. Costs are taxed against the employer.

ANDERSON, C.J., HOLDER, J., and REID, Senior Justice, concur.

DROWOTA, J., not participating.