IN THE COURT OF APPEALS OF TENNESSEE
AT KNOXVILLE
April 16, 2002 Session

## CORY L. STAPLES v. WILLIAM L. CLIFTON

**Direct Appeal from the Circuit Court for Hamilton County**
**No. 00C2128     Hon. W. Neil Thomas, III., Circuit Judge**

**FILED May 23, 2002**

**No. E2001-01385-COA-R3-CV**

Trial Court entered Judgment for plaintiff on malicious prosecution claim. On appeal, plaintiff seeks an additur. Defendant also appeals, arguing there is no evidence to establish the cause of action and damages were not established. We affirm.

**Tenn. R. App. P.3 Appeal as of Right; Judgment of the Circuit Court Affirmed.**

HERSCHEL PICKENS FRANKS, J., delivered the opinion of the court, in which CHARLES D. SUSANO, JR., J., and D. MICHAEL SWINEY, J., joined.

Harry K. Hays, Chattanooga, Tennessee, for Appellant.

Morgan G. Adams, Chattanooga, Tennessee, for Appellee.

**OPINION**

This action for false arrest and malicious prosecution originated in Sessions Court and, upon appeal to Circuit Court after a *de novo* trial, the Circuit Judge entered Judgment for plaintiff for $500.00. Both parties have appealed.

Appellant Clifton is a private investigator, and appellee Staples is involved in a custody dispute over his minor daughter. Clifton conducted surveillance activities of Staples on several occasions on behalf of Staples' former wife. The record revealed a history of ill will between the parties. After hearing the evidence, the Trial Court found for appellant, opining that the appellee's defense and reliance on the advice of an attorney or a detective is vitiated if they are not told the correct facts. The Court found that witnesses testimony to be totally exaggerated and incredible, based upon its review of a video tape. The Court felt the matter was a family squabble

over a little girl, and the parties were using the court system for retaliation. Judgment for $500.00 was then entered.

The scope of appellate review of the trial court's finding is *de novo* with a presumption of correctness. *Cross v. City of Memphis*, 20 S.W.3d 642 (Tenn. 2000). Where the issues hinge upon credibility and truthfulness of the witnesses, the trial court's opportunity to observe the witnesses' demeanor and determine their credibility while testifying is afforded great weight an deference on appeal. *Collins v. Howmet Corp.*, 970 S.W.2d 941 (Tenn. 1998). Appellant's sole issue so far as we can tell is seeking an additur. The Tennessee Supreme Court has made it clear that only trial court judges have authority to cure an inadequacy or unreasonably low jury verdicts by suggesting an additur, and appellate courts have no authority to initiate an additur. *Poole v. Kroger Co.*, 604 S.W.2d 52, 54 (Tenn. 1980). Appellant cannot seek relief in this Court by an additur pursuant to statutory and case law.

Appellee contends the Trial Court erred by awarding judgment with no proof of damages, the elements of probable cause were not established, and appellant failed to introduce any proof that there was a criminal proceeding that terminated in appellant's favor.

The record presented to this Court contains a partial transcript of the evidence heard by the Trial Court. Two different video tapes were shown to the Trial Judge, but were neither transcribed nor made an exhibit to the record of this appeal. Appellee's issues can only be determined by reviewing the evidence heard by the Trial Court, and since all of the evidence heard by the Trial Court has not been presented to this Court, the familiar rule is applicable, i.e., where the appellate court is not presented with a transcript all of the evidence, it will be conclusively presumed that all of the evidence supports the trial Judge's factual determinations. *See e.g., Turner v. Turner*, 739 S.W.2d 768 (Tenn. Ct. App. 1986).

Accordingly, the Judgment of the Trial Court is affirmed and the cost of the appeal assessed one half to Cory Staples and one half to William L. Clifton.

_____
HERSCHEL PICKENS FRANKS, J.