# IN THE SUPREME COURT OF TENNESSEE
## AT KNOXVILLE
### January 7, 2003 Session

## CONNER BROS. EXCAVATING CO., INC. v. LONG

**Appeal by Permission from the Supreme Court Special Workers'
Compensation Appeals Panel
Circuit Court for Knox County
No. 3-939-97    Wheeler A. Rosenbalm, Judge**

---

**No. E2001-01268-SC-WCM-CV - Filed March 3, 2003**

---

We granted this motion for a full court review of the Special Workers' Compensation Panel decision to determine whether the appellant, Clyde L. Long, proved by a preponderance of the evidence that his injury occurred as a result of a work-related incident as required in Tennessee Code Annotated section 50-6-103(a). After a careful review of the record, we hold that the evidence preponderates against the holding of the trial court and Special Workers' Compensation Panel, and that the appellant's injury did arise out of and within the scope of his employment. The judgment of the trial court and the Special Workers' Compensation Panel is reversed. Because the trial court made no other factual findings, the case is remanded to the trial court with instructions to make factual findings regarding: (1) the compensable medical benefits due to the appellant; (2) the temporary disability benefits to which Mr. Long is entitled, and; (3) the proper permanent disability award to which Mr. Long is entitled. Additionally, in the interest of expediting the payment of Mr. Long's medical expenses and the receipt of disability benefits, we direct the trial court to hold such hearing within sixty days of the date of this Court's order.

**Tenn. Code Ann. § 50-6-225(e); Judgment of the Special Workers'
Compensation Panel Reversed; Judgment of the Trial Court
Reversed; Case Remanded**

WILLIAM M. BARKER, J., delivered the opinion of the court, in which FRANK F. DROWOTA, III, C.J., ADOLPHO A. BIRCH, JR. and JANICE M. HOLDER, JJ., joined. E. RILEY ANDERSON, J., not participating.

J. Robert Stacy, Knoxville, Tennessee, for the appellant, Clyde L. Long.

Debra L. Fulton and Beverly Dean Nelms, Knoxville, Tennessee, for the appellee, Conner Bros.

**OPINION**

**FACTUAL BACKGROUND**

The appellant, Clyde L. Long, who was forty-six years-old at the time of trial, began working for the appellee, Conner Bros. Excavating Co., Inc., in 1989 and worked approximately eighteen months. He later returned to work for the appellee during the spring of 1997. Mr. Long left school at the age of sixteen upon completion of the eighth grade. Mr. Long's wife, Sherry Long, testified that he is unable to read, write, or perform basic arithmetic, and that she tends to the business of their family.

On October 27, 1997, Mr. Long was operating a Rex compactor machine for the appellee. The Rex compactor is described as a machine that is utilized to crush building materials before burial at a landfill. Mr. Long testified that the machine is equipped with a padded seat and seatbelt because "it's a pretty rough ride."[1] After working for approximately ninety minutes, he began to experience pain in his lower back and by the end of the day was walking with a visible limp. When he returned home that evening, his wife inquired why he was limping. Mr. Long replied that his "back started hurting" at work but that he did not know why. Mrs. Long suggested that he take a hot bath while she rubbed an ointment on his back to relieve the pain.

Mr. Long went to work the next day but testified that his pain steadily increased while at work. When he arrived home he could not stand up straight and needed assistance to climb the two steps to enter his home. Sherry Long testified that the appellant went straight to bed, but that she awoke around midnight to find her husband "in excruciating pain." Mrs. Long immediately drove the appellant to the Baptist Hospital emergency room where he was given two injections and some pain medication and released. The emergency room record from Baptist Hospital indicates that there was "no known trauma" to Mr. Long's back.

Mrs. Long contacted the appellee on the morning of October 29, 1997, to inform them that Mr. Long was not able to come to work. However, at that time, Mrs. Long did not inform the appellee that Mr. Long was suffering from a work-related injury. Mr. Long contacted the appellee later that same day and likewise did not indicate that he was suffering from a work-related injury.

Mr. Long's condition continued to deteriorate and led him to seek additional medical

---

[1] Specifically, Mr. Long stated at trial that "[w]hen you're riding across building materials and trying to chew it up, [the machine] slings you from side to side, you know, at one time. Of course, you're sitting in a seat but you still get a lot of commotion from it. And then if you go up on something and it don't bust and it slips off . . . you get a pretty good hard jar in you."

treatment at St. Mary's Hospital emergency room on November 1, 1997. After preliminary tests proved inconclusive, the treating physician at St. Mary's recommended that Mr. Long see his family physician. The emergency room records from St. Mary's likewise indicated "no known injury" to Mr. Long's back. A few days later, Mr. Long was seen by his family physician who recommended that an MRI be administered to determine the source of his pain.

On November 7, 1997, Mr. Long contacted the appellee to seek approval and assurances that his medical expenses accompanying the MRI would be paid. However, an employee of the appellee indicated that Ms. Conner, the executive vice-president for the appellee at the time of Mr. Long's employment, was in Florida and was the only person who could give such authorization. On the advice of counsel, Mr. Long then contacted the appellee's workers' compensation carrier and was referred to Dr. Edwin W. Schaumburg, an orthopedic surgeon who had previously treated Mr. Long for a fracture of his lumbar spine. Dr. Schaumburg diagnosed Mr. Long as suffering from a bulging disc in his lower back. On January 16, 1998, Dr. Schaumburg operated on Mr. Long to remove the ruptured disc.

In the medical history taken by Dr. Schaumburg, Mr. Long indicated that he was a heavy equipment operator and instructed his wife to list October 27, 1997, as the actual date of his injury - the date he was operating the Rex compactor. However, Mr. Long also told Dr. Schaumburg that his injury "came on after an event at work" wherein he slipped and fell on some plastic siding on or around October 24, 1997. At trial, Mr. Long explained that because his "wife kept grilling" him as to the source of his pain, he recalled this latter incident approximately two or three weeks after the onset of his pain.

The only medical evidence introduced at trial was the deposition of Dr. Schaumburg. When asked if he had an opinion, based upon a reasonable degree of medical certainty, as to whether or not Mr. Long's symptoms were caused by the employee's work as described to him, Dr. Schaumburg responded that there was a "direct relationship between what occurred at work" and Mr. Long's ruptured disc. Dr. Schaumburg eventually assigned Mr. Long a seven percent permanent impairment rating to the body as a whole, and stated that Mr. Long would be unable to return to operating heavy equipment or perform other types of manual labor. Additionally, two vocational assessment witnesses testified at trial. One witness rated Mr. Long as having a vocational disability between sixty and sixty-five percent. The second expert rated Mr. Long's vocational disability between twenty and thirty percent.

The trial court found that Mr. Long did not carry his burden of proving by a preponderance of the evidence that his injury was work-related, and therefore ruled that the employee is not entitled to workers' compensation benefits. The Special Workers' Compensation Panel affirmed the judgment of the trial court.

**STANDARD OF REVIEW**

Workers' compensation cases are reviewed de novo upon the record of the trial court

3

accompanied by a presumption of correctness unless the evidence preponderates otherwise. Tenn. Code Ann. § 50-6-225(e)(2) (1991 & Supp. 1992); see Ivey v. Trans Global Gas & Oil, 3 S.W.3d 441, 446 (Tenn. 1999) (citing Collins v. Howmet Corp., 970 S.W.2d 941, 943 (Tenn. 1998)). Under this standard a reviewing court is required to weigh in more depth the factual findings and conclusions of a trial court in workers' compensation cases. Cleek v. Wal-Mart Stores, Inc., 19 S.W.3d 770, 773 (Tenn. 2000). Additionally, we are not bound by the factual findings of the trial court, but may "review the record on our own to determine where the preponderance of the evidence lies." Id. at 773; see also Collins, 970 S.W.2d at 943. When the trial judge has seen and heard a witness's testimony, considerable deference must be accorded on review to the trial court's findings of credibility and the weight given to that testimony. Townsend v. State, 826 S.W.2d 434, 437 (Tenn. 1992). This is because the trial court has been afforded the opportunity to observe the witnesses' demeanor and to hear the in-court testimony. Long v. Tri-Con Indus., 996 S.W.2d 173, 178 (Tenn. 1999). However, when medical testimony is presented by deposition, this Court may make an independent assessment of the medical proof to determine where the preponderance of the evidence lies. Cooper v. Ins. Co. of N. Am., 884 S.W.2d 446, 451 (Tenn. Workers' Comp. Panel 1994).

## DISCUSSION

Mr. Long contends that the trial court erred in finding that the injury to his back was not work-related. We agree. Under the statutory scheme governing Tennessee workers' compensation claims, injuries by accident arising out of and in the scope of employment are compensable. See Reeser v. Yellow Freight Sys., 938 S.W.2d 690 (Tenn. 1997). An injured employee who meets the statutory criteria is entitled to certain monetary benefits, including the payment of all medical expenses arising from the accident together with a recovery for any temporary or permanent disability resulting from the accident. Tenn. Code Ann. § 50-6-207. It is well settled that an accident arises out of the employment when, "upon a consideration of all the circumstances, a causal connection [exists] between the conditions under which the work is required to be performed and the resulting injury." Fink v. Caudle, 856 S.W.2d 952, 958 (Tenn. 1993). Typically, causation is established through expert medical testimony. Thomas v. Aetna Life & Cas. Co., 812 S.W.2d 278, 283 (Tenn. 1991). Importantly, we have previously held that:

> [a]lthough causation cannot be based upon speculative or conjectural proof, absolute medical certainty is not required, and reasonable doubt must be extended in favor of the employee. Accordingly, a trial judge may properly predicate an award in favor of an employee based on medical evidence that an incident '*could be*' the cause of the injury, where the trial judge has also heard lay testimony from which it reasonably inferred that the incident was in fact the cause of the injury.

Long v. Tri-Con Ind., 996 S.W.2d 173, 177 (Tenn. 1999)(emphasis added).

In the written judgment denying Mr. Long's claim, the trial court simply stated that Mr. Long "failed to carry his burden of proof that he sustained a compensable work injury while employed

4

with Conner Brothers Excavating." However, in its verbal ruling from the bench, the trial court opined that "the work could have caused the injury." We agree with the latter conclusion of the trial court.

There are considerable facts and circumstances supporting the appellant's contention that his injury was work-related. The employee gave detailed testimony concerning the violent nature in which the Rex compactor operates, and that his pain began approximately ninety minutes after he began operating the compactor. Also, Sherry Long testified that prior to October 27, 1997 Mr. Long was without pain in his lower back but returned home in significant pain. In addition, when asked if he had an opinion as a medical expert as to whether or not Mr. Long suffered a work-related injury, Dr. Schaumburg responded in the affirmative.

The appellee correctly notes that the ER records from Baptist Hospital and St. Mary's Hospital indicate that the employee could not pin-point a specific precipitating event. However, Dr. Schaumburg's detailed history should be given greater weight than the ER records. Dr. Schaumburg testified that the history given by the employee was sufficient to create a nexus between the injury and the appellant's work. Also, the appellee presented no medical proof contradicting the deposition testimony of Dr. Schaumburg. Accordingly, we find that the evidence in this case preponderates against the holding of the trial court and the Special Workers' Compensation Panel. There is sufficient evidence to establish that the employee's injury is work-related.

## CONCLUSION

In sum, we hold that Mr. Long suffered a work-related injury to his back while working for the appellee. The case is remanded to the trial court with instructions to make factual findings regarding: (1) the medical benefits to which the employee is entitled; (2) the temporary disability benefits to which Mr. Long is entitled, and; (3) the proper permanent disability award to which Mr. Long is entitled. Finally, in the interest of expediting Mr. Long's receipt of disability benefits, we direct the trial court to hold such hearing within sixty days of the date of this Court's order.

Costs of this appeal are taxed against the appellee, Connor Bros. Excavating Co., Inc.

_____
WILLIAM M. BARKER, JUSTICE

5