IN THE COURT OF APPEALS OF TENNESSEE
AT KNOXVILLE
March 31, 2003 Session

## ANN UTTER (FORMERLY MOONEYHAN), EXECUTRIX OF THE ESTATE OF JERRY A. MOONEYHAN, DECEASED v. HOWELL H. SHERROD, JR.

Appeal from the Chancery Court for Washington County
No. 32296    Kindall T. Lawson, Judge, by Interchange
FILED JUNE 25, 2003

### No. E2002-00848-COA-R3-CV

Howell H. Sherrod, Jr. ("Defendant") and Jerry A. Mooneyhan ("Dr. Mooneyhan") were partners. Defendant sued Dr. Mooneyhan regarding one of their partnership projects, Quality Dental Products. Dr. Mooneyhan died during the pendency of that matter. That suit resulted in a jury verdict for Dr. Mooneyhan that was affirmed on appeal. After the Quality Dental Products suit, Defendant withheld Dr. Mooneyhan's portion of the rents from another partnership property, the Bristol building. Ann Utter (formerly Mooneyhan) as Executrix of the Estate of Jerry A. Mooneyhan, deceased ("Plaintiff"), sued Defendant in chancery court seeking partition of the Bristol building and an accounting as to another partnership business, World Tech Fibers. Defendant claimed the chancery court lacked jurisdiction because he previously had filed a claim against the estate in probate court, which, Defendant argued, caused jurisdiction to be vested solely in the probate court. The Trial Court determined it had jurisdiction over the partition action and issues relating only to the Bristol building and World Tech Fibers. The Trial Court ordered and then confirmed partition by sale, awarded Plaintiff a judgment for certain sums related to the Bristol building and World Tech Fibers, and awarded Defendant a winding up fee as the surviving partner. Defendant and Plaintiff each appeal. We affirm in part, reverse in part, and remand.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Chancery Court Affirmed in Part, Reversed in Part; Case Remanded.**

D. MICHAEL SWINEY, J., delivered the opinion of the court, in which HOUSTON M. GODDARD, P.J., and CHARLES D. SUSANO, JR., J., joined.

Thomas C. Jessee, Johnson City, Tennessee, for the Appellant, Howell H. Sherrod, Jr.

Robert D. Arnold, Johnson City, Tennessee, for the Appellee, Ann Utter (formerly Mooneyhan), Executrix of the Estate of Jerry A. Mooneyhan, deceased.

# OPINION

## Background

In the 1980's, Defendant and Dr. Mooneyhan entered into a partnership that over the course of the next decade encompassed several business projects.[1] Those businesses included, among others, Quality Dental Products, World Tech Fibers, Franklin Plaza, the Movieland property, and the Bristol building. Defendant and Dr. Mooneyhan never had any written agreement concerning their partnership. Defendant testified that "any time we had a venture, everybody got out of it what they put in it, and then whatever was left we split 50-50 . . . ."

Sometime around 1984, Defendant and Dr. Mooneyhan purchased the assets of World Tech Fibers. Dr. Mooneyhan obtained a loan for this business and signed a note. Defendant did not sign the World Tech Fibers note. Defendant and Dr. Mooneyhan treated World Tech Fibers as part of their partnership and Defendant admits he was liable for one-half of the loan amount. Unfortunately, the World Tech Fibers business failed. After this business failed, the World Tech Fibers equipment was stored in a building owned by Defendant. Defendant testified the equipment was stored in his building from 1984 through 1996, and that he never made any demand on Dr. Mooneyhan to pay rent for the storage of this equipment. Defendant testified the partners tried unsuccessfully for many years to sell the World Tech Fibers equipment.

In approximately 1985, Defendant and Dr. Mooneyhan purchased property in Sullivan County that they referred to as the Bristol building. This property was leased to the State of Tennessee for a five-year period. Originally, Dr. Mooneyhan kept the books and business records for the Bristol building.

Defendant and Dr. Mooneyhan also were involved in a business known as Quality Dental Products. In 1990, a fire destroyed the Quality Dental Products business. Subsequently, Dr. Mooneyhan took some of the equipment from the failed World Tech Fibers business to re-start Quality Dental Products at a new location. At that time, Defendant's and Dr. Mooneyhan's partnership owned both Quality Dental Products and World Tech Fibers. Some time later, Dr. Mooneyhan bought out Defendant's interest in Quality Dental Products.

In 1996, Dr. Mooneyhan sold Quality Dental Products. Defendant claimed to still own an interest in that business and demanded a portion of the purchase price. Dr. Mooneyhan refused and Defendant sued. Dr. Mooneyhan died during the pendency of the suit and his estate was substituted as a party. The Quality Dental Products litigation resulted in a jury verdict for Dr. Mooneyhan's estate that was affirmed on appeal. In the Quality Dental Products suit, the parties

---

[1]The factual situation of this case is extremely complex and convoluted. For purposes of simplicity, we discuss only the facts directly relevant to the issues on appeal.

specifically reserved on the record all issues involving four other business projects, namely the Bristol building, the Movieland property, Franklin Plaza, and World Tech Fibers.

After losing the Quality Dental Products suit, Defendant kept, and claimed for tax purposes, one-hundred percent of the rentals from the Bristol building, despite the fact that Dr. Mooneyhan's estate still owned the property with Defendant and was entitled to one-half of the rent. Defendant testified that after losing the Quality Dental Products suit he decided "[Dr. Mooneyhan] took the dental business. I'm going to keep what's left." Defendant also took control of the bookkeeping for the Bristol building.

Plaintiff filed suit in the Chancery Court for Washington County ("Trial Court") seeking partition of the Bristol building and an accounting relating to income derived from World Tech Fibers. Defendant filed an Answer and Counter Complaint admitting the Bristol building was jointly owned by the parties and also asking for partition of this property.

Defendant, however, claimed the Trial Court lacked jurisdiction because Defendant previously had filed a claim against Dr. Mooneyhan's estate in probate court, which, Defendant argued, caused jurisdiction to be vested solely with the probate court. Defendant's claim filed in probate court is for "[b]reach of contract, negligent misrepresentation plus punitive damages" arising out of Quality Dental Products. Plaintiff's Complaint filed in the instant case specifically raises issues relating only to the Bristol building and World Tech Fibers. While Defendant's Answer and Counter Complaint in the instant case does not specifically address any other business entities, it does request that if the Trial Court makes an accounting as to the Bristol Building and World Tech Fibers to "make a full accounting between the parties in connection with all the business ventures between the parties . . . ." The Trial Court determined its jurisdiction was limited to matters involving the Bristol building and World Tech Fibers, and that the Defendant could bring his remaining claims before the Probate Court for Washington County.

The Trial Court ordered a partition sale and Defendant purchased the Bristol building.[2] The parties then went to trial on the remaining issues regarding the Bristol building and World Tech Fibers.

At trial, several issues involving World Tech Fibers were raised. One of these issues concerned the World Tech Fibers note. Plaintiff testified the World Tech Fibers note was paid in full, but that Defendant had not paid his one-half of the final three $25,000 payments. Defendant admitted he owed half of the debt on the World Tech Fibers note and admitted he did not pay any share of the final three $25,000 payments on the note. Defendant stipulated there were $75,000 worth of checks paid on the World Tech Fibers note, but claimed he only owed half of $50,000

---

[2]Plaintiff entered a bid of $370,000 at the partition sale. Prior to the sale being confirmed, Defendant entered a raised bid of $407,000, which was ten percent above the bid price. The sale to Defendant was subsequently confirmed by the Trial Court.

because he was entitled to an offset for his half of another $25,000 obligation of the parties that he had paid in full.

Also in dispute was the equipment that Dr. Mooneyhan had taken from World Tech Fibers to re-start Quality Dental Products. Defendant claimed he was entitled to one-half of the value of this equipment.

The other issues raised regarding World Tech Fibers involved the equipment that was stored in Defendant's building from 1984 to 1996 and then sold. Defendant claimed he was entitled to rent for storing the equipment from 1984 to 1996. Defendant, however, admitted there was nothing in writing to indicate he was to receive rent for storing the World Tech Fibers equipment and at no time did he make demand on Dr. Mooneyhan or Dr. Mooneyhan's estate for such rent. Defendant also testified that after storing the equipment until 1996, he eventually was able to sell it for $28,000. Defendant testified he paid a $3,000 commission on the sale. Defendant was unable to produce any documents or records to substantiate his claims regarding the sale of the equipment.

Several issues also were tried regarding the Bristol building. Defendant admitted Dr. Mooneyhan's estate was entitled to one-half of the rentals that Defendant had withheld, minus expenses. Defendant also requested a winding up fee of eight percent of the income on the Bristol building because he is the surviving partner of the partnership. Defendant testified the winding up fee was for "taking in the income, depositing it, splitting it and paying the bills, [and] dealing with the [tenant]." Defendant also testified the winding up involved handling "everything from birds in the roof to leaky faucets to . . . a continuation of what we had before in that building." The eight percent would total $21, 988 for the period since Dr. Mooneyhan died in 1997.

The Trial Court's November 5, 2001 Opinion and its subsequent November 28, 2001 Order contain specific findings of fact and conclusions of law including, *inter alia*: that its jurisdiction was limited to issues relating to the partition of the Bristol property and any claims between the parties relating to the Bristol property and World Tech Fibers as described in the complaint, and that Defendant could bring his claims relating to the Movieland property and Franklin Plaza before the probate court; the parties had a partnership in the named businesses and had agreed to be equal partners; Defendant is the surviving partner and by statute is entitled to a winding up fee for the Bristol building; Defendant had not paid his share of the final three payments on the World Tech Fibers note, but had testified credibly regarding making payment on another obligation and, thus, was entitled to an off-set for one of the $25,000 payments on the World Tech Fibers note; there was no agreement to pay rent for the storage of the World Tech Fibers equipment and Defendant was unable to prove his claim that he is entitled to such rent; Defendant sold the remaining World Tech Fibers equipment for $25,000 net and Plaintiff was entitled to one-half of this amount; and the facts relating to the disposition of the equipment Dr. Mooneyhan took from World Tech Fibers to Quality Dental Products were very unclear and Defendant was not entitled to a portion of the value of this equipment. The Trial Court, *inter alia*, approved the partition sale; awarded Defendant $3,000 as a winding up fee for the Bristol building; awarded Plaintiff $76,854.45 constituting one-half of the rentals from the Bristol building up through July of 2001 withheld by Defendant, minus expenses;

awarded Plaintiff one-half of the net rental proceeds due from the Bristol building for the months of August, September and October of 2001, and one-half of the net rentals for any proportionate share of any subsequent month or months until the clerk transfers the Bristol building property to Defendant; awarded Plaintiff $25,000 as reimbursement for one-half of the two payments on the World Tech Fibers note; awarded Plaintiff $12,500, which is one-half of the value of the World Tech Fibers equipment sold by Defendant; ordered that the Clerk and Master apply Defendant's share of the proceeds from the partition sale toward the judgment in favor of Plaintiff; and ordered the Clerk and Master to deduct the costs of the partition from Plaintiff's share of the proceeds.

## Discussion

Although not stated exactly as such, Defendant raises several issues on appeal: 1) whether the Trial Court lacked jurisdiction to hear the matters alleged in the pleadings because jurisdiction as to those matters was vested solely in the probate court; 2) whether the Trial Court erred by refusing to do a full accounting as to all partnership projects; 3) whether the Trial Court erred by failing to allow Defendant an off-set based upon the use of Defendant's building to store the World Tech Fibers equipment; 4) whether the Trial Court erred in finding Defendant was not entitled to one-half the value of the World Tech Fibers equipment that was transferred to Quality Dental Products; 5) whether the Trial Court erred by ordering the Clerk and Master to pay the first mortgage from the proceeds of the partition sale; 6) whether the Trial Court erred in ordering the Clerk and Master to pay the monetary judgment from Defendant's portion of the proceeds from the partition sale; and 7) whether the Trial Court erred in requiring Defendant, as the successful bidder at the partition sale, to pay the entire purchase price even though he already owned half of the property being partitioned.

Plaintiff raises several more issues which we restate: 1) whether the Trial Court erred in awarding Defendant a winding up fee for the Bristol building entity; 2) whether the Trial Court erred in allowing Defendant a credit or off-set against the payments made on the World Tech Fibers note; 3) whether the Trial Court erred in charging Plaintiff with the costs of the partition sale; 4) whether the Trial Court erred in failing to award Plaintiff interest on the money owed by Defendant; and 5) what was the legal effect of the claim filed by Defendant in probate court.

Our review is *de novo* upon the record, accompanied by a presumption of correctness of the findings of fact of the trial court, unless the preponderance of the evidence is otherwise. Tenn. R. App. P. 13(d); *Bogan v. Bogan*, 60 S.W.3d 721, 727 (Tenn. 2001). A trial court's conclusions of law are subject to a *de novo* review with no presumption of correctness. *S. Constructors, Inc. v. Loudon County Bd. of Educ.*, 58 S.W.3d 706, 710 (Tenn. 2001).

Defendant argues the Trial Court lacked jurisdiction because Defendant previously had filed a claim in probate court causing jurisdiction to be vested solely in the probate court. We find this argument unconvincing. A thorough review of the record shows the claim Defendant filed in probate court is one for "[b]reach of contract, negligent misrepresentation plus punitive damages" arising solely out of Quality Dental Products. The complaint attached to the claim filed in probate

court contains allegations regarding only Quality Dental Products and not any of Defendant's and Dr. Mooneyhan's other partnership projects. The suit before us involves issues regarding two partnership projects other than, and instead of, Quality Dental Products. Jurisdiction as to those other projects was not vested solely in the probate court by virtue of Defendant's claim in probate court concerning Quality Dental Products. Defendant's probate court claim did not destroy the Trial Court's jurisdiction over the partition and partnership accounting claims and related issues raised in the complaint in this case. We, therefore, hold the Trial Court correctly held it did have jurisdiction to hear the claims regarding the Bristol building and World Tech Fibers.

Defendant then argues that if the Trial Court had jurisdiction, it should have heard "all issues relating to the various business endeavors between the parties."

Rule 8 of the Tennessee Rules of Civil Procedure provides, in pertinent part,:

**Rule 8.01 Claims for Relief.** - A pleading which sets forth a claim for relief, whether an original claim, counterclaim, cross-claim, or third-party claim, shall contain: (1) a short and plain statement of the claim showing that the pleader is entitled to relief; . . . .

* * * *

**Rule 8.05. Pleading to Be Concise and Direct - Statutes, Ordinances and Regulations - Consistency.** - (1) Each averment of a pleading shall be simple, concise and direct. No technical forms of pleading or motions are required . . . .

**Rule 8.06 Construction of Pleadings.** - All pleadings shall be so construed as to do substantial justice.

Tenn. R. Civ. P. 8. While a complaint need not contain "in minute detail" the facts giving rise to the claim, it nevertheless must contain allegations "from which an inference may fairly be drawn that evidence on these material points will be introduced at trial." *Trau-Med of Am., Inc. v. Allstate Ins. Co.*, 71 S.W.3d 691, 704 (Tenn. 2002). "[T]here is no duty on the part of the court to create a claim that the pleader does not spell out in his complaint." *Id.* At 704 (citations omitted).

The complaint in this case addresses only issues related to the Bristol building and World Tech Fibers. Defendant filed an Answer and Counter Complaint, neither of which specifically address the other partnership projects Defendant claims should have been considered, i.e., Movieland and Franklin Plaza. However, Defendant's Answer and Counter Complaint does request that if the Court grants Plaintiff's request concerning an accounting of two of the parties' partnership ventures that the Court then should "make a full accounting between the parties in connection with all the business ventures between the parties . . . ." We believe Defendant's Answer and Counter Complaint is sufficient that "an inference may fairly be drawn that evidence on these material points [a full accounting] will be introduced at trial."

-6-

The Trial Court specifically held that "the relationship of the parties in the above referenced businesses constituted a partnership . . . ." Based upon this finding, the Trial Court correctly held it had jurisdiction to do an accounting of that partnership. However, what the Trial Court did was a partial accounting of the partnership. Plaintiff has cited us to no law why the Trial Court had jurisdiction to do a partial partnership accounting but no jurisdiction to do a full partnership accounting. In fact, Plaintiff does not even address Defendant's argument on this issue in Plaintiff's brief. As we agree with Plaintiff that the Trial Court had jurisdiction of the accounting, we hold that it was error for the Trial Court to refuse Defendant's claims to do a complete partnership accounting, including the Movieland property and Franklin Plaza as part of that accounting. That portion of the Trial Court's judgment is reversed and this matter is remanded for the Trial Court to complete the accounting by including the Movieland property and Franklin Plaza in the accounting.

We next consider whether the Trial Court erred by failing to allow Defendant an off-set based upon the use of Defendant's building to store the World Tech Fibers equipment. The Trial Court found there was no agreement between Defendant and Dr. Mooneyhan that any rent would be paid to Defendant for storage of the World Tech Fibers equipment. Defendant testified that at the beginning of this business endeavor, he and Dr. Mooneyhan agreed that Defendant would provide a place for storage and operation of the business and Dr. Mooneyhan would provide the financing. The Trial Court found that based upon the evidence, Defendant had failed to prove his claim that he is entitled to rent for storage of the World Tech Fibers equipment. The evidence does not preponderate against the Trial Court's findings relative to this claim. We find no error by the Trial Court in determining that Defendant had failed to prove this claim, and, therefore, we affirm on this issue.

We next consider whether the Trial Court erred in holding Defendant was not entitled to one-half the value of the World Tech Fibers equipment that was transferred to Quality Dental Products. The Trial Court found the evidence was insufficient to prove Defendant's claim that he was entitled to a judgment for a portion of the value of this equipment. The evidence shows Defendant and Dr. Mooneyhan, as partners, were the owners of both World Tech Fibers and Quality Dental Products when the equipment was transferred. The evidence further shows Dr. Mooneyhan later purchased Defendant's interest in Quality Dental Products. Thus, Dr. Mooneyhan purchased any interest Defendant would have had in the transferred equipment when Dr. Mooneyhan purchased Defendant's interest in Quality Dental Products. The evidence does not preponderate against the Trial Court's findings relative to this issue. We, therefore, find no error in the Trial Court's holding that Defendant was not entitled to a judgment for a portion of the transferred equipment. We affirm on this issue.

As to all of Defendant's remaining issues, Defendant did not comply with the Tennessee Rules of Appellate Procedure and the Rules of the Court of Appeals regarding the form and contents of the brief. Rule 27 of the Tennessee Rules of Appellate Procedure provides, in pertinent part, that the brief of the Appellant shall contain:

An argument, which may be preceded by a summary of argument, setting forth the contentions of the appellant with respect to the issues presented, and the reasons therefor, including the reasons why the contentions require appellate relief, with citations to the authorities and appropriate references to the record (which may be quoted verbatim) relied on; . . .

Tenn. R. App. P. 27 (7).

Rule 6, of the Rules of the Court of Appeals provides, in pertinent part,:

No complaint of or reliance upon action by the trial court will be considered on appeal unless the argument contains a specific reference to the page or pages of the record where such action is recorded. No assertion of fact will be considered on appeal unless the argument contains a reference to the page or pages of the record where evidence of such fact is recorded.

R. Ct. App. 6 (b).

For good cause, this Court may suspend the requirements of the rules, "[h]owever, the Supreme Court has held that it will not find this Court in error for not considering a case on its merits where the plaintiff did not comply with the rules of this Court." *Bean v. Bean*, 40 S.W.3d 52, 54-55 (Tenn. Ct. App. 2000).

The sections of Defendant's brief dealing with his remaining issues contain nothing more than bare assertions that the Trial Court erred. These sections contain neither citations to the record showing where the alleged errors occurred, nor any argument or citations to case law or other authority indicating why the Trial Court may have been in error. Defendant did not comply with the Rules of Appellate Procedure and the rules of this Court regarding these issues and, thus, has waived these issues on review. *See Bean*, 40 S.W.3d at 55.

We next turn to Plaintiff's issues. We first consider whether the Trial Court erred in awarding Defendant a winding up fee for the Bristol building entity. Plaintiff's brief admits that the Uniform Partnership Act in effect in Tennessee at the time of Dr. Mooneyhan's death governs this issue.[3] Specifically, Tenn. Code Ann. § 61-1-117, of the Uniform Partnership Act provided, in pertinent part, that "[n]o partner is entitled to remuneration for acting in the partnership business, except that a surviving partner is entitled to reasonable compensation for his service in winding up the partnership affairs; . . ." Tenn. Code Ann. § 61-1-117 (6) (1989).

Defendant is the surviving partner and, thus, is entitled to reasonable compensation for winding up the partnership. Defendant requested the Trial Court award him $21,988 as a

---

[3]The Uniform Partnership Act was replaced by the Revised Uniform Partnership Act, which became effective in 2002.

winding up fee, which is eight percent of the income on the Bristol building. The Trial Court found Defendant was entitled to a winding up fee of $3,000. The evidence does not preponderate against the Trial Court's findings relevant to this issue. We find no error here by the Trial Court, and, therefore, affirm on this issue.

We next consider whether the Trial Court erred in allowing Defendant a credit or off-set against the payments made on the World Tech Fibers note. Defendant testified he was entitled to an off-set because he previously had paid Dr. Mooneyhan's half of another $25,000 indebtedness. The Trial Court specifically found "[Defendant's] testimony alone persuasive on this issue and his testimony alone is sufficient to prove his claim."

"When a trial court has seen and heard witnesses, especially where issues of credibility and weight of oral testimony are involved, considerable deference must be accorded to the trial court's factual findings." *Seals v. England/Corsair Upholstery Mfg. Co.*, 984 S.W.2d 912, 915 (Tenn. 1999) (quoting *Collins v. Howmet Corp.*, 970 S.W.2d 941, 943 (Tenn.1998)).

The Trial Court made specific findings as to the credibility of Defendant's testimony regarding the off-set. We afford the Trial Court considerable deference in making credibility determinations and, therefore, affirm on this issue.

We next consider whether the Trial Court erred in charging Plaintiff with the costs of the partition sale. The Trial Court noted in its Memorandum Opinion that Defendant in his answer and counter-claim agreed that the Bristol property should be sold by partition if the Trial Court did not enforce an alleged agreement to purchase which Defendant claimed was made by the parties prior to the filing of the complaint. The Trial Court was faced with wading through an exceptionally complex factual situation involving the parties' long term partnership dealings. We further note the case was complicated by the fact that one of the partners, Dr. Mooneyhan, was deceased, and the parties had no written agreement. Given the Trial Court's findings of facts, which the evidence does not preponderate against, along with its other holdings as already discussed, we find no reversible error by the Trial Court in charging Plaintiff with the costs of the partition sale. As such, we will not interfere with the Trial Court's decision to assess the partition costs to Plaintiff. We affirm on this issue.

Plaintiff's next issue is whether the Trial Court erred in failing to award Plaintiff interest on the money owed by Defendant. In light of our holding that this matter should be remanded to the Trial Court for completion of the partnership accounting, this issue is pretermitted. We do, however, direct the Trial Court's and the parties' attention to Tenn. Code Ann. § 47-14-123 and the recent decisions of the Tennessee Supreme Court and this Court which have shifted the balance to favor awarding prejudgment interest whenever doing so will more fully compensate a plaintiff for loss of use of his or her funds. *Scholz v. S.B. Int'l, Inc.*, 40 S.W.3d 78, 83 (Tenn. Ct. App. 2000).

Finally, we consider Plaintiff's issue regarding what was the legal effect of the claim filed by Defendant in probate court. This issue is not properly before us, nor was it properly before the Trial Court, as the probate court has not ruled on the effect of that claim before it. That claim is in the probate court and must first be resolved there. In addition, this issue is not germane to the issues properly before us. As such, we decline to address this issue.

### Conclusion

The judgment of the Trial Court is reversed only to the extent that this matter is remanded for the Trial Court to complete the partnership accounting. The remainder of the judgment is affirmed. This cause is remanded to the Trial Court to complete the partnership accounting, and for such other proceedings as may be required consistent with this Opinion, and for collection of the costs below. The costs on appeal are assessed one-half against the Appellant, Howell H. Sherrod, Jr., and his surety, and one-half against the Appellee, Ann Utter as Executrix of the Estate of Jerry A. Mooneyhan.

_____
D. MICHAEL SWINEY, JUDGE