IN THE COURT OF APPEALS OF TENNESSEE
AT NASHVILLE
Assigned on Briefs June 1, 2010

## JOANN BUTLER ET AL. v. MARION COUNTY, TENNESSEE

**Appeal from the Chancery Court for Marion County**
**No. 7153      Jeffrey F. Stewart, Chancellor**

---

**No. M2009-01566-COA-R3-CV - Filed June 30, 2010**

---

Landowners filed suit to determine ownership of that portion of Ann Wilson Road that crosses their property. Defendants sought and were granted summary judgment based on the running of several statutes of limitations. Landowners appealed. We affirm.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Chancery Court Affirmed**

ANDY D. BENNETT, J., delivered the opinion of the Court, in which PATRICIA J. COTTRELL, P.J., M.S., and RICHARD H. DINKINS, J., joined.

Hugh P. Garner, Chattanooga, Tennessee, for the appellants, Ethel Burnett May by her Attorneys in Fact, Joann Butler and Marilyn B. Garner.

J. Harvey Cameron, Jasper, Tennessee, for the appellee, Marion County, Tennessee.

**OPINION**

This lawsuit is about the ownership of a 200-foot by 50-foot strip of land that crosses land in Marion County owned by Ethel Burnett May.[1] Ms. May and her then-husband, Charley Burnett,[2] purchased the property in 1954. In late 1957, they conveyed the property to T.J. Moss Tie Company. The same land was conveyed in fee simple back to Charley and Ethel Burnett in the spring of 1958. They have paid taxes on the property since that time.

---

[1] Ms. May died on August 21, 2007, almost a year after the suit was filed. The action is now being prosecuted by her heirs and daughters, Joann Butler and Marilyn B. Garner. It was originally filed by her daughters acting as Ms. May's attorneys in fact.

[2] Ms. May was twice widowed.

On December 24, 1986, the Kerr-McGee Chemical Corporation, the successor-in-interest to Moss Tie Company,[3] conveyed a 40-acre tract of land to Ann Wilson, along with a permanent 50-foot easement to Sequatchie Highway. The deed describes the easement as "this right-of-way being a part of the old Curtis Trace Toll Road." A Kerr-McGee document, dated September 30, 1986, concerning the sale describes the easement as "a nonexclusive right-of-way into the property from the Old Sequatchie Road to the north."[4] Part of this easement crosses the Burnett property.

In 1989, Ann Wilson and others conveyed their interest in the strip to Marion County. It has been surfaced with asphalt and maintained as a county road, known as Ann Wilson Road, by Marion County since it was deeded to the county.

Ms. May claimed that she first learned of the right-of-way through her property in 2005. She also maintained that a second encroachment occurred when a water line was placed in the right-of-way without her knowledge or permission.

In September 2006, Ms. May sued Marion County, the persons who conveyed the easement to Marion County, and Kerr-McGee Chemical Corporation, now Tronox, L.L.C., claiming that the defendants had conspired to fraudulently create the easement. She sought possession of the strip of land, an injunction against the defendants' use of her land, the removal of the asphalt and the return of the land to its original condition. She also requested compensatory damages of one dollar ($1.00) and punitive damages of three hundred ninety-nine thousand dollars ($399,000.00). All defendants filed a motion for summary judgment, relying on various statutes of limitations. On September 17, 2008, the motion was granted as to all defendants, except as to the adverse possession claim relating to Marion County. Marion County eventually renewed its motion for summary judgment, and the plaintiffs, now Ms. May's daughters, filed a motion for summary judgment of their own. The trial court granted Marion County's motion and denied that of the daughters. Ms. May's daughters appealed as to Marion County alone.

STANDARD OF REVIEW

Summary judgment is appropriate when there is no genuine issue of material fact and the moving party is entitled to a judgment as a matter of law. Summary judgments do not

---

[3]In 1998, Kerr-McGee Chemical Corporation merged into Kerr-McGee Chemical, L.L.C. On September 15, 2006, Kerr-McGee Chemical, L.L.C. changed its name to Tronox, L.L.C.

[4]Since it was a nonexclusive right-of-way, Kerr-McGee conveyed it to Brenda and Terry Gentle, and to others as well.

enjoy a presumption of correctness on appeal. *BellSouth Adver. & Publ'g Co. v. Johnson*, 100 S.W.3d 202, 205 (Tenn. 2003). We consider the evidence in the light most favorable to the non-moving party and resolve all inferences in that party's favor. *Godfrey v. Ruiz*, 90 S.W.3d 692, 695 (Tenn. 2002). When reviewing the evidence, we must determine whether factual disputes exist. *Byrd v. Hall*, 847 S.W.2d 208, 211 (Tenn. 1993). If a factual dispute exists, we must determine whether the fact is material to the claim or defense upon which the summary judgment is predicated and whether the disputed fact creates a genuine issue for trial. *Id.*; *Rutherford v. Polar Tank Trailer, Inc.*, 978 S.W.2d 102, 104 (Tenn. Ct. App. 1998). To shift the burden of production to the nonmoving party who bears the burden of proof at trial, the moving party must negate an element of the opposing party's claim or "show that the nonmoving party cannot prove an essential element of the claim at trial." *Hannan v. Alltel Publ'g Co.*, 270 S.W.3d 1, 8-9 (Tenn. 2008). Thus, "a defendant asserting an affirmative defense, such as laches, shifts the burden of production by alleging undisputed facts that show the existence of the affirmative defense." *Id.* at 9, n.6.

ANALYSIS

Ms. May's daughters raise several issues. We will attempt to address them in a logical progression.

On February 11, 2008, the daughters filed an application to depose a list of eight people who had "information believed to be informative for providing evidence."[5] The County objected to the taking of depositions at that point in the litigation, arguing that "the Court should proceed to rule on the Motion for Summary Judgment since it is based strictly on legal grounds." We have found no order of the trial court, either granting or denying this application, before its order of September 17, 2008, granting the defendants summary judgment.[6]

Marion County's brief does not grace this court with its view of this issue. We do know, however, that the County filed a response to the application arguing that since the summary judgment motion was based strictly on legal grounds, the Court should proceed to rule on it. "The Tennessee Rules of Civil Procedure embody a broad policy favoring the

---

[5]In an order dated June 6, 2007, the trial court ruled that it could not at that time address the defendants' summary judgment motion. It ordered the defendants to respond to the plaintiffs' written interrogatories, after which the plaintiffs would respond to the summary judgment motion. The trial court then limited the plaintiffs' ability to conduct discovery, stating that "[a]ny further request for discovery by the Plaintiffs will be made by written application to the Court."

[6]As previously noted, the summary judgment exempted the adverse possession claim relating to Marion County.

discovery of any *relevant*, non-privileged information." *Pettus v. Hurst*, 882 S.W.2d 783, 786 (Tenn. Ct App. 1993) (emphasis added). The plaintiffs did not then and have not now shown that any of the information sought via deposition is relevant to the statutes of limitations raised by the county in the summary judgment motion.

The daughters also challenge the grant of summary judgment to Marion County regarding adverse possession. Their argument, such as it is, focuses on the legal requirements for adverse possession. They totally miss the focus of the defendants' arguments, the statutes of limitations, just as they have all through the litigation. As the trial court pointed out in its oral summary judgment ruling on July 28, 2008:

> I think, from the beginning, there have been two positions taken, one from the defendants that this case has just taken too long to get to the courthouse, and that's their statute-of-limitations claim. From the plaintiff's point of view, this is a matter of title. You've done something to my title and you've damaged my title and you had no right to give it away, and that is said by the plaintiffs.

The trial court never ruled that Marion County owned by adverse possession the part of Ann Wilson Road that crossed the daughters' inherited property. As the daughters note, "The Trial Court ruled that the Plaintiff's action was barred by Tennessee Code Annotated §§ 28-2-101(2); 28-2-102; 28-2-103(3)[7] and 29-16-124." Yet, the daughters never mention these statutes of limitations again. No attempt is made in their brief to distinguish these statutes or otherwise show why they do not control this action.

Tenn. R. App. P. 27(a)(7) requires the brief of the appellant to contain "[a]n argument . . . setting forth the contentions of the appellant with respect to the issues presented, and the reasons therefor . . . with citations to the authorities and appropriate references to the record." A close reading of the appellant daughters' brief does not resolve the mystery of why they believe the statutes upon which the trial court relied do not govern their lawsuit. Rather, they discuss the merits of the case – which the statutes of limitations prevent the court from reaching. Therefore, the daughters have waived the statutes of limitations issue. *Utter v. Sherrod*, 132 S.W.3d 344, 352 (Tenn. Ct. App. 2003); *Bean v. Bean*, 40 S.W.3d 52, 55-56 (Tenn. Ct. App. 2000).

The daughters raise other issues that address the merits of the lawsuit. Again, they have missed the point. The merits were never reached because the trial court held that the statutes of limitations had run.

---

[7]It appears that this citation should be to Tenn. Code Ann. § 28-2-103(a). The defendants also invoked Tenn. Code Ann. § 28-3-110(3).

CONCLUSION

The trial court is affirmed. Costs of appeal are assessed against the appellant daughters of Ms. May, for which execution may issue if necessary.

_____
ANDY D. BENNETT, JUDGE