In re Shelby Jean LONG, wife and
next of kin of Leonard L. Long,
deceased, Plaintiff-Appellant,

v.

STATELINE SYSTEMS, INC.,
Defendant-Appellee.

Supreme Court of Tennessee,
at Nashville.

Aug. 26, 1985.[1]

Petition for Rehearing Oct. 15, 1985.

Marvin A. Bienvenu, Jr., Memphis, for
plaintiff-appellant.

Ben H. Rowan, Steven D. Parman, Watkins, McGugin, McNeilly & Rowan, Nashville, for defendant-appellee.

## OPINION

FONES, Justice.

This is a worker's compensation case in which the trial court granted defendant's motion for summary judgment and dismissed plaintiff's cause of action based on T.C.A. section 50–6–106.

Defendant, Stateline Systems, Inc., is a common carrier by motor vehicle operating pursuant to a certificate of public convenience and necessity issued by the Interstate Commerce Commission. On January 21, 1983, Stateline entered into an "Equipment Lease Agreement" with Kenneth Ellis. This agreement provided that Ellis was to furnish a vehicle together with a driver and any necessary helpers for Stateline's use in transporting cargo. The lease agreement further provided that Ellis was responsible for the costs of operation, including but not limited to maintenance and repair costs; wages or other remuneration of operators, drivers and helpers; public liability and property damage insurance on the equipment; payments for injury or damage to operators, drivers and helpers; and worker's compensation, unemployment insurance, social security and other similar taxes, and insurance benefits with respect to operators, drivers and helpers.

Pursuant to the terms of the lease agreement, Ellis supplied a vehicle driven by Leonard L. Long. It is undisputed that on June 13, 1983, Leonard Long suffered fatal injuries while performing his duties as the driver of the vehicle owned by Ellis and leased to Stateline.

**1.** Designated for publication October 19, 1987.

The only issue is whether T.C.A. section 50–6–106(1) exempts a common carrier operating under a certificate of public convenience and necessity issued by the Interstate Commerce Commission from being deemed an "employer" under the Worker's Compensation Act under circumstances when the deceased driver was operating a truck pursuant to a lease agreement which provided that the owner-operator was to supply a vehicle and driver to the common carrier.

T.C.A. section 50–6–106(1) provides

*Employments not covered.*—The Workers' Compensation Law shall not apply to:

(1) Any common carrier doing an interstate business while engaged in interstate commerce, which common carrier and such interstate business are already regulated as to employer's liability or workers' compensation by act of the congress of the United States—it being the purpose of this law to regulate all such business which the congress has not regulated in the exercise of its jurisdiction to regulate interstate commerce; provided, however, that this chapter shall apply to those employees of such common carriers with respect to whom a rule of liability is not provided by act of the congress of the United States; provided, however, no common carrier by motor vehicle operation pursuant to a certificate of public convenience and necessity shall be deemed the "employer" of a leased-operator or owner-operator of a motor vehicle or vehicles under a contract to such a common carrier;

■ The statute clearly excludes from coverage those common carriers governed by rules of employer's liability or worker's compensation established by Congress. The statute, however, also provides that this exemption is not applicable to employees of a common carrier with respect to whom there is no rule of employer liability provided by the Congress. The last clause of T.C.A. section 50–6–106(1) was added by amendment in 1976. *See* 1976 Tenn.Pub. Acts 602. This amended portion states that a common carrier operating pursuant to a certificate of public convenience and necessity will not be deemed an employer of a leased-operator or owner-operator of vehicles under a contract to the common carrier. Therefore, although no federal rule of employer's liability covers a leased-operator or owner-operator, the Tennessee Legislature has expressed its intent that the common carrier shall not be deemed the employer of such operators, and thus, the common carrier is not liable under the Act.

Appellant's argument that T.C.A. section 50–6–106(1) only applies to employees who are covered under federal worker's compensation laws is simply without merit and may be discounted based on the plain language of the statute. In addition, appellant insists that T.C.A. section 50–6–106(1) does not exclude "employees" of owner-operators or leased-operators. We find this contention to be without merit.

■ The rule of statutory construction to which all others yield is that the intention of the Legislature must prevail. *City of Humboldt v. Morris,* 579 S.W.2d 860, 863 (Tenn.App.1978). "It is the duty of the Court to reconcile inconsistent or repugnant provisions of a statute so that no part will be inoperative, superfluous, void or insignificant." *Azbill v. Azbill,* 661 S.W.2d 682, 686 (Tenn.App.1983), citing *Tidwell v. Collins,* 522 S.W.2d 674 (Tenn.1975). Application of these principles to T.C.A. section 50–6–106(1) requires a different meaning for the terms "owner-operator" and "leased-operator." An owner-operator is a person who owns and operates the leased vehicle, whereas a leased-operator must be construed to be a non-owner operating a vehicle pursuant to a lease agreement. We hold that decedent was a leased-operator and, therefore, Stateline is not liable under the Tennessee Worker's Compensation Act.

Appellant argues in the alternative that Stateline was a principal contractor, the truck owner a subcontractor, and the decedent a subcontractor's employee, and, therefore, Stateline is liable under T.C.A. section 50–6–113. Although there are cases preceding the 1976 amendment to T.C.A. section 50–6–106(1) holding the principal contractor liability provision applica-

ble to the contract trucking situation, *see, e.g., Herron v. Fletcher,* 503 S.W.2d 84 (Tenn.1973); *Davis v. J & B Motors,* 193 Tenn. 233, 245 S.W.2d 769 (1951), the 1976 amendment, removing common carriers from consideration as the statutory employer or an owner-operator or leased-operator, makes these cases and the principal contractor liability theory inapplicable to the present case.

Accordingly, the judgment of the trial court is affirmed. Costs are assessed against appellant.

COOPER, C.J., and BROCK, HARBISON and DROWOTA, JJ., concur.

### OPINION ON PETITION FOR REHEARING

Upon careful consideration of the petition to rehear filed on behalf of plaintiff, the Court is of the opinion that it is without merit and should be overruled.