James **JOSLIN**, Plaintiff/Appellant,

v.

**MICHIGAN MUTUAL INSURANCE COMPANY**, Defendant/Appellee.

Supreme Court of Tennessee, at Jackson.

Dec. 21, 1987.

Walter Buford, Memphis, for plaintiff/appellant.

Henry T.V. Miller, McDonald, Kuhn, Smith, Miller & Tait, Memphis, for defendant/appellee.

## OPINION

FONES, Justice.

This is a workers' compensation case wherein plaintiff alleged that he was an employee of Alltrans, a common carrier by motor vehicle and that he sustained a work injury while so employed. He sued only Michigan Mutual Insurance Company, the insurance carrier for Alltrans, to recover workers' compensation benefits.

Defendant contends that plaintiff was an employee of Michael Horton, the owner of the truck plaintiff was driving at the time of the accident; that the lease agreement between Horton and Alltrans required that Horton furnish the driver; and thus that under the facts and pursuant to T.C.A. § 50–6–106(1), Alltrans was not plaintiff's employer.

The trial judge found that the evidence failed to establish that plaintiff was an employee of Alltrans, and therefore defendant, its insurance carrier, was not liable to plaintiff for workers' compensation benefits.

On 22 June 1984, plaintiff, James Joslin, was severely injured when the tractor-trailer he was driving was involved in an accident. At the time of the accident, Alltrans was a common carrier by motor vehicle operating pursuant to a Certificate of Public Convenience and Necessity issued by the Interstate Commerce Commission. The tractor driven by plaintiff was owned by Michael Horton and was leased to Alltrans pursuant to an equipment lease agreement. Under this lease agreement, Horton was an independent contractor and was required to provide both the vehicle and a driver. The driver was to be either Horton or Horton's employee; the lease agreement also provided that neither Horton nor his employees would be considered employees of Alltrans. Under the agreement Horton was responsible for all wages for his employees, all costs of workers' compensation and unemployment insurance, and all costs of operation, including maintenance and repair costs.

Prior to the date of the accident, Horton was hospitalized and was unable to drive.

Horton's wife asked Charles Franks, a commissioned agent for Alltrans, to find a driver for Horton. Mr. Franks interviewed plaintiff on 12 June 1984 at the Alltrans facility in Collierville, Tennessee. At that time, plaintiff completed and signed an Alltrans employment application; completed both a written examination and a road test for drivers; and provided Alltrans with a medical examiners certificate. Plaintiff was then told to visit Michael Horton at the hospital because Horton wished to speak with plaintiff about the truck.

Plaintiff testified that he visited Horton at the hospital, where he discussed the truck with Horton. Plaintiff also stated that he did not receive any money from Horton and did not have any further contact with Horton. Plaintiff did admit that Horton gave him a telephone credit card number. Plaintiff also testified that he was never told by Alltrans, its employees, or its agents that he was Horton's employee. He stated that he received advance money for trips and was dispatched by Alltrans. In addition, plaintiff stated that he received instructions from Mr. Franks to have the truck repaired when the truck broke down in California. Plaintiff also testified that he was never shown a copy of the lease agreement between Horton and Alltrans. Finally, plaintiff testified that he was to receive twenty percent of the gross revenue of the truck as his compensation, but plaintiff never stated with whom he discussed compensation.

On cross examination, plaintiff admitted that it is common in the industry for drivers, whether employees or leased-operators, to be dispatched by the company. He also stated that when a truck is leased, a copy of the lease agreement must be kept with the truck along with the other permits. Plaintiff admitted that a company must have a valid medical certificate and license for its drivers whether they are employees or leased-operators.

Michael Horton testified that he met with plaintiff in his hospital room. According to Horton, he discussed both the truck and compensation with plaintiff at this meeting. Horton testified that they agreed that plaintiff would receive twenty percent of the truck's gross revenue as his compensation. This amount, according to Horton, was to be paid by Horton and not by Alltrans. Horton testified that while plaintiff was driving the truck, Horton had several telephone conversations with plaintiff. These conversations concerned problems such as break-downs plaintiff had while on the road. Horton confirmed that he gave plaintiff a telephone credit card number. Finally, Horton testified that his copy of the lease was present in the truck at all times.

Donald H. Richards, the chief executive officer of Alltrans at the time of the accident, testified that employment applications for drivers were required by federal regulations to be kept on file by common carriers, regardless of whether the drivers were employees or leased-operators. He also stated that workers' compensation costs were deducted from the revenue of each truck to cover the cost of workers' compensation coverage. However, he also stated that coverage was limited to those states which require common carriers to provide workers' compensation coverage to independent contractors.

Charles Franks, a commissioned agent for Alltrans, testified that he interviewed plaintiff at the Alltrans facility in Collierville. Franks stated that he told plaintiff that the truck plaintiff would be driving was owned by Michael Horton. Franks also stated that he did not tell plaintiff that he would be employed or paid by Alltrans. Franks testified that money is routinely advanced to leased-operators to cover their road expenses. Finally, Franks stated that he never gave plaintiff instructions to have the truck repaired at any time.

As this cause of action arose prior to 1 July 1985, review by this Court on this appeal is limited by the material evidence rule. *Alley v. Consolidation Coal Co.*, 699 S.W.2d 147 (Tenn.1985).

T.C.A. § 50–6–106(1) states:

Employments not covered.—The Workers' Compensation Law shall not apply to:

(1) Any common carrier doing an interstate business while engaged in interstate commerce, which common carrier and such interstate business are already regulated as to employer's liability or workers' compensation by act of the congress of the United States—it being the purpose of this law to regulate all such business which the congress has not regulated in the exercise of its jurisdiction to regulate interstate commerce; provided, however, that this chapter shall apply to those employees of such common carriers with respect to whom a rule of liability is not provided by act of the congress of the United States; *provided, however, no common carrier by motor vehicle operating pursuant to a certificate of public convenience and necessity shall be deemed the 'employer' of a leased-operator or owner-operator of a motor vehicle or vehicles under a contract to such a common carrier; . . . .* [Emphasis supplied.]

This Court construed the clause in the statute relating to leased-operators and owner-operators under contract to a common carrier in *Long v. Stateline Systems, Inc,* 738 S.W.2d 622 (Tenn.1985), a case factually similar to the case at bar. In *Long,* the deceased employee's widow sought workers' compensation benefits from Stateline Systems, a common carrier by motor vehicle operating pursuant to a certificate of convenience and necessity. The employee was driving a tractor-trailer owned by one Ellis, who had leased the vehicle to Stateline under an agreement requiring that Ellis provide the driver and assume similar obligations to those assumed by Horton under his lease with Alltrans. In *Long,* plaintiffs insisted that Stateline was not exempt from the coverage of the Workers' Compensation Act, that T.C.A. § 50–6–106(1) did not exclude employees of owner-operators or leased-operators and that Stateline was liable as a principal contractor under T.C.A. § 50–6–106(1). The Court did not find it necessary to determine whether Stateline was exempt from coverage, because Long was found to be the employee of Ellis. We held that leased-operators and owner-operators under contract with common carriers were not employees of the common carrier, under the plain language of the statute. We also held that T.C.A. § 50–6–106(1) precluded the common carrier from being liable as a principal contractor.

In the present case, it is undisputed that plaintiff, at the time of the accident, was operating a truck owned by Horton and leased to Alltrans, and that Alltrans was a common carrier operating under a certificate of public convenience and necessity at this time. The trial court found that plaintiff was not an employee of Alltrans at the time of the accident. That finding is clearly supported by material evidence. The evidence supports a finding that Joslin was an employee of Horton. Thus, plaintiff was an employee of an owner-operator and was himself a leased operator. In each of those capacities he was precluded from being the employee of Alltrans by the language of T.C.A. § 50–6–106(1).

Plaintiff relies upon *Basham v. Southeastern Motor Truck Lines, Inc.,* 184 Tenn. 532, 201 S.W.2d 678 (1947). Plaintiff's decedent in that suit brought a common law tort action against his employer, a common carrier by motor vehicle. His tort suit was dismissed because the court found that he was covered by workers' compensation at the time of the accident, and that was his exclusive remedy. This case does not involve the issue of coverage of admitted employees of a common-carrier by motor vehicle, but whether plaintiff is an employee of an owner-operator or of a common carrier that has leased a vehicle owned by an owner-operator.

Plaintiff's reliance upon *Eidson v. Hardware Mutual Casualty Co.,* 191 Tenn. 430, 234 S.W.2d 836 (1950), and upon the fact that the record reveals that Alltrans deducted a sum of money from a payment to Horton for workers' compensation coverage, is without merit. Neither the case nor that evidentiary fact has any bearing whatever upon the determinative issue in this case, to-wit: whether Joslin was an employee of Alltrans.

The judgment of the trial court is affirmed. Costs are adjudged against plaintiff.

HARBISON, C.J., and COOPER, DROWOTA and O'BRIEN, JJ., concur.