

FILED

June 2, 2017

TN COURT OF
WORKERS'
COMPENSATION
CLAIMS

Time 1:25 PM

## TENNESSEE BUREAU OF WORKERS' COMPENSATION
## IN THE COURT OF WORKERS' COMPENSATION CLAIMS
## AT MEMPHIS

| | | |
|---|---|---|
| **JOYCE BUCHANAN,** | ) | **Docket No. 2016-08-1345** |
| **Employee,** | ) | |
| **v.** | ) | **State File No. 91533-2016** |
| **POWE, INC.,** | ) | |
| **Employer.** | ) | **Judge Allen Phillips** |

## EXPEDITED HEARING ORDER
## DENYING MEDICAL AND TEMPORARY DISABILITY BENEFITS

This case came before the undersigned Workers' Compensation Judge on May 8, 2017, upon the Request for Expedited Hearing filed by Joyce Buchanan. Ms. Buchanan requested medical and temporary disability benefits for an injury on November 18, 2016. Powe contended Ms. Buchanan was not entitled to the requested benefits because she was not its employee. Accordingly, the central legal issue is whether Ms. Buchanan is likely to establish at a hearing on the merits that she was an employee of Powe. The Court holds she is not likely to do so and denies her request for benefits at this time.

### History of Claim

In November 2016, Ms. Buchanan resided in Paducah, Kentucky. Looking for an over-the-road truck-driving job, she telephoned a temporary employment agency in Memphis, Tennessee. The temporary agency advised Ms. Buchanan it did not offer over-the-road positions, but it provided contact information for Sam Brown, an over-the-road truck driver who hired other drivers. On November 14, Ms. Buchanan telephoned Mr. Brown, and the two reached an agreement that she would accept a driving position with Mr. Brown. They agreed she would be paid a certain rate per mile, and he asked her to provide a copy of her driver's license and social security number. He told her she would be an independent contractor and that he would provide her a 1099 form for taxes. She completed an "application" with Powe's name on it.

1

Because she had no means of transportation, Mr. Brown drove to Paducah to bring Ms. Buchanan to Memphis, and he allowed her to stay at his home. The next day, Ms. Buchanan first met LaShoan Powe, the owner of Powe, at a clinic where Mr. Brown had driven her to take a drug screen. Ms. Buchanan testified Mr. Powe paid for the drug screen; Mr. Powe stated he did so because Mr. Brown, and any drivers hired by Mr. Brown, drove under Powe's Federal Department of Transportation (DOT) "authority." Mr. Brown confirmed Powe paid for drug screens for DOT purposes, but he explained that he reimbursed Powe for the costs of the drug screens.

At that time, Mr. Brown had not yet obtained a truck for Ms. Buchanan to drive. Thus, Powe rented a truck for Ms. Buchanan to drive for Mr. Brown. Again, Mr. Brown explained that he reimbursed Powe for the rental costs, but Powe must rent the truck in its name because Brown's drivers operate under Powe's authority.

Ms. Buchanan's first and only use of the rented truck was a November 17 trip to Florida dispatched by SDR, a Memphis company for which both Powe and Brown pull loads. After completing the run and picking up a "back haul," Ms. Buchanan returned to SDR's terminal in Memphis on November 18. She testified she was "over her hours," referring to the maximum time a driver might drive under DOT regulations. She further stated she was "tired" and planned to sleep in the truck during her required "off time."

While trying to sleep, Mr. Brown awakened her to ask if she would assist him in moving two trailers. This led to a verbal dispute that escalated to the point that Mr. Brown terminated the relationship between him and Ms. Buchanan. He locked the door to the truck Ms. Buchanan had driven with her belongings still inside. The altercation became physical, and Ms. Buchanan claimed Mr. Brown "body slammed" her; Mr. Brown said he shoved Ms. Buchanan in self-defense and she fell to the pavement.

Memphis police completed an incident report regarding Mr. Brown's alleged assault upon Ms. Buchanan, and EMS personnel bandaged Ms. Buchanan's right hand that was bleeding after she struck the pavement. Ms. Buchanan declined transport to a hospital because she had no way to return to the truck. In addition, she had nowhere to stay in Memphis.

Mr. Powe was present at SDR's terminal on the day of the altercation. "Out of kindness," he paid for Ms. Buchanan to stay at a hotel, where she stayed for three days before arranging transportation back to Kentucky. She stated that Mr. Brown deducted the hotel costs from the payment she was due for the Florida trip. During her stay in Memphis, Ms. Buchanan visited St. Francis Hospital for emergency care, but the medical documentation she submitted contained neither medical records nor other admissible information.

2

When Mr. Brown permitted Ms. Buchanan to retrieve her personal belongings from the truck, she could not find her driver's log from the Florida trip that listed "Powe, Inc." under the heading "Driver's Daily Log" or the gasoline receipts that indicated the payor was "Powe, Inc." However, Ms. Buchanan preserved the information by cellphone photographs that she introduced as evidence.

Ms. Buchanan contended Powe was her employer because: 1) it paid for her drug screen (thus, she is "put under him per Federal law"); 2) it paid for the fuel; and, 3) its name appeared on the driver's log and employment application. Likewise, Ms. Buchanan contended that anyone who pays for a hotel room is "acting" like an employer.

For his part, Mr. Powe denied any employment relationship between Powe and Ms. Buchanan. He testified he is a long-time truck driver and the "owner" of Powe, Inc. He once "pulled" for SDR but ceased working for them directly and became an independent contractor. He still pulls loads for SDR but does so under his own DOT authority. He has no employees but instead treats all drivers who are "leased" to him as independent contractors. Mr. Brown is one of those leased drivers. As such, Mr. Brown is free to hire any driver he wants. However, just as all employees hired by a leased operator, Ms. Buchanan had to take her drug screen and complete an application in Powe's name because she would run under his DOT authority. He rented the truck in the company name for the same reason.

Mr. Brown explained that he is an "independent contractor . . . leased under Powe." He is not now, nor has he ever been, Powe's employee, and the drivers he hires are not Powe employees. He receives a fee for pulling loads that Powe brokers to him. He described Ms. Buchanan as "[his] employee," but added she "never got far enough" for him to give her a 1099 form.

At the time of the hearing, Ms. Buchanan drove for a company in Fairburn, Georgia, and she "basically lives out of her truck." Because of continued pain in her right hand, arm, and shoulder from striking the pavement, she requested a medical evaluation. She also requested three weeks of temporary disability. She had performed her own "investigation" and learned Powe had no workers' compensation insurance at the time of her alleged injury.[1]

**Findings of Fact and Conclusions of Law**

*Standard applied*

Because this case is in the posture of an Expedited Hearing, Ms. Buchanan must

---

[1] The Bureau conducted an Uninsured Employer's Fund (UEF) investigation of Ms. Buchanan's claim. However, given the finding within this Order that Ms. Buchanan was not an employee of Powe, Powe's uninsured status is irrelevant.

come forward with sufficient evidence for the Court to determine she is likely to prevail at a hearing on the merits. Tenn. Code Ann. § 50-6-239(d)(1) (2016). Though Ms. Buchanan elected to represent herself, as is her right, she still "must comply with the same standards to which parties with legal counsel must adhere." *Thurmond v. Yates Servs.*, 2015 TN Wrk. Comp. App. Bd. LEXIS 34, at *5 (Sept. 8, 2015).

*Analysis*

To be compensable, Ms. Buchanan must show her alleged injury arose primarily out of and in the course and scope of her employment. Tenn. Code Ann. § 50-6-102(14)(B) (2016). "An injury 'arises primarily out of and in the course and scope of employment' only if it has been shown by a preponderance of the evidence that the *employment* contributed more than fifty percent (50%) in causing the injury, considering all causes." Tenn. Code Ann. § 50-6-102(14)(B) (2016)(Emphasis added). Thus, as noted by the Appeals Board, it is "critical" that "an employment relationship exist[ed] at the time of injury." *Duck v. Cox Oil Co.*, 2016 TN Wrk. Comp. App. Bd. LEXIS 2, at *13 (Jan. 21, 2016). Here, the Court finds no employment relationship existed between Ms. Buchanan and Powe at the time of injury, and this determination is dispositive.

The Court begins its analysis by noting the term "employee" means "every person . . . in the service of an employer . . . under any contract of hire . . . written or implied." Tenn. Code Ann. § 50-6-102(12)(A) (2016). There was no written contract of employment between Powe and Ms. Buchanan. Thus, the Court considers whether there was an "implied" contract of employment.

In *Black v. Dance*, 643 S.W.2d 654, 657 (Tenn. 1982), our Supreme Court held: "In order for one to be an employee of another for purposes of our Worker's Compensation Law, it is . . . required that there be an express or implied agreement for the alleged employer to remunerate the alleged employee for his services in behalf of the former." Here, there was no "agreement" for Powe to remunerate Ms. Buchanan for driving the truck on the one occasion she drove it to Florida. Instead, *Mr. Brown* agreed to pay Ms. Buchanan a per-mile rate to drive for *him*. Mr. Brown explained to her from the outset that he would treat her as an independent contractor and provide her a 1099 form. Ms. Buchanan conceded this fact upon cross-examination. The evidence shows Powe paid Mr. Brown, and he in turn paid Ms. Buchanan, but Powe did not remunerate Ms. Buchanan directly for any work.

As part of her argument, Ms. Buchanan contended Mr. Brown basically "recruited" for Powe. However, apart from her supposition, there is nothing to indicate the existence of such an arrangement. To the contrary, both Mr. Powe and Mr. Brown explained they pull loads for SDR, a broker who deals with multiple independent truckers. As Powe explained, if he pulls a load brokered to him by SDR, but belonging to

4

Fed Ex, he does not become an employee of Fed Ex by pulling the load. Likewise, if he brokers a load to Mr. Brown, or another driver, he does not become the employer of that other driver when he or she pulls the load. Mr. Brown corroborated this testimony by agreeing he was an independent contractor rather than Powe's employee.

Ms. Buchanan claims she was an employee of Powe because its name appeared on the log book and expense receipts, that the truck she drove was rented by Powe, and that Powe paid for her drug screen. However, Ms. Buchanan offers no authority to support her argument that these facts create an employment relationship. Likewise, the Court finds no authority to support her argument that obeying federal motor vehicle safety regulations creates an employment relationship under Tennessee law. Instead, the evidence supports a finding that Powe made the payments and required the log because it was Powe's DOT authority under which Ms. Buchanan drove. Mr. Brown and Mr. Powe explained this in their testimony. Moreover, Ms. Buchanan herself testified she once had her own DOT authority and federal law required her to have a "custodian" for drug-testing purposes, thus corroborating Powe's position regarding drug testing.

Finally, Tennessee exempts from coverage of the Workers' Compensation Law the leased operators of a common carrier operating under a "certificate of public convenience and necessity." Tenn. Code Ann. § 50-6-106(1)(A) (2016). Here, Mr. Brown explained he was an independent contractor who was "leased" to Powe. In *Joslin v. Michigan Mut. Ins. Co.*, 742 S.W.2d 263, 265 (Tenn. 1987), the Tennessee Supreme Court held an employee of a leased operator was "precluded from being the employee of [the common carrier]." Interestingly, in *Joslin*, the evidence established that common carriers are required to keep the applications of drivers who work for leased operators on file and that "money is routinely advanced to leased-operators to cover their road expenses." *Id.* at 264. This is similar to what occurred in this case with Powe's name appearing on Ms. Buchanan's application and Powe advancing expenses to pay for Ms. Buchanan's fuel.

The Court finds the testimony of Mr. Powe and Mr. Brown consistent and plausible and finds both men credible. Thus, the Court finds Mr. Brown is an independent contractor who drives a truck under Powe's DOT authority. Ms. Buchanan would likewise be an independent contractor, just as was agreed between her and Mr. Brown at the beginning of their relationship. Accordingly, the Court finds Ms. Buchanan is not likely to prevail at a hearing on the merits that an employment relationship existed between her and Powe. Based upon this finding, the Court need not address the issues of medical or temporary disability benefits.

**IT IS, THEREFORE, ORDERED** as follows:

1. Ms. Buchanan's claim against Powe, Inc. is denied at this time.

5

2. This matter is set for a Scheduling (Status) Hearing on **Thursday, August 10, 2017, at 10:00 a.m. Central time**. You must call toll-free at 731-422-5263 or toll-free 855-543-5038 to participate in the Hearing.

**ENTERED this the 2nd day of June, 2017.**

**Allen Phillips, Judge**
**Court of Workers' Compensation Claims**

## APPENDIX

Exhibits:

1. Medical information submitted by Ms. Buchanan (identification only)
2. Bureau of Workers' Compensation Expedited Request for Investigation Report
3. Screenshot photocopies of gasoline receipts and driver logs
4. Hotel receipts from November 19-21, 2016
5. Memphis Police Incident Report regarding alleged assault by Sam Brown (identification only)
6. Memphis Police Incident Report regarding alleged theft by LaShoan Powe (identification only)
7. Notarized statement of Bianca White (identification only)
8. Notarized statement of LaKesha Gordon (identification only)

Technical record:

1. Petition for Benefit Determination
2. Dispute Certification Notice
3. Request for Expedited Hearing with supporting affidavit

6

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of this Expedited Hearing Order was sent to the following recipients by the following methods of service on this the 2nd day of June, 2017.

| Name | Via Email | Service Sent To: |
|------|-----------|------------------|
| Joyce Buchanan, Self-Represented Employee | X | jbjbuchanan@gmail.com |
| Van Turner, Esq., Attorney for Employer | X | vturner@hbtlaw.net |

Penny Shrum, Clerk of Court
Court of Workers' Compensation Claims
WC.CourtClerk@tn.gov

7