**FILED**
**Jun 29, 2020**
**10:14 AM(CT)**
**TENNESSEE COURT OF**
**WORKERS' COMPENSATION**
**CLAIMS**



# TENNESSEE BUREAU OF WORKERS' COMPENSATION
## IN THE COURT OF WORKERS' COMPENSATION CLAIMS
## AT MURFREESBORO

| | |
|---|---|
| **ROGER GRIFFIN,** ) | **Docket No. 2018-05-0096** |
| **Employee,** ) | |
| **v.** ) | |
| **CENTRAL TRANSPORT,** ) | **State File No. 6963-2018** |
| **Employer,** ) | |
| **And** ) | |
| **CHEROKEE INS. CO.,** ) | |
| **Insurer.** ) | **Judge Robert Durham** |

---

## COMPENSATION HEARING ORDER GRANTING SUMMARY JUDGMENT

---

The Court held a hearing on June 19, 2020, on Central Transport's Motion for Summary Judgment on the grounds that it was not Mr. Griffin's employer, and thus is not obligated to pay him workers' compensation benefits. For the reasons below, the Court holds that Tennessee Code Annotated section 50-6-106(1)(A) bars Central from being considered as Mr. Griffin's employer. Thus, the Court awards summary judgment as a matter of law to Central Transport.

### History of Claim[1]

Central Transport, LLC, an interstate common carrier, entered into a contract titled "Independent Contractor Agreement" with Granite Transportation, LLC. Granite was a limited liability corporation, and Mr. Griffin was its sole member. According to the contract terms, the parties intended to create an "independent contractor relationship," where Central leased tractors and drivers from Granite to haul its trailers throughout the South. Over the next year, Central and Granite entered into two more "independent contractor agreements," so that all of Granite's trucks and employees were committed to Central's use. Mr. Griffin signed all the agreements as Granite's representative.

While hauling a trailer for Central, Mr. Griffin sustained an injury to his knee and low back in two separate incidents, both occurring on November 18, 2014. Mr. Griffin filed for and received medical and disability benefits through a policy he obtained under the

---

[1] The Court derived the history from Statements of Undisputed Facts as well as depositions and attached exhibits.

"independent contractor" agreement. When the insurance company canceled the disability benefits, Mr. Griffin, who was unrepresented at the time, filed a Petition for Benefit Determination seeking reinstatement of those benefits.

After extensive discovery, Central filed this Motion for Summary Judgment and a statement of undisputed material facts, to which Granite responded. Both parties agreed that Granite employed Mr. Griffin, although Granite qualified the statement through its assertion that Granite and Central were Mr. Griffin's "co-employers." Central also filed an affidavit from one of its officers, which stated that Central complied with all federal laws and regulations. In addition to its response, Granite also filed a motion to amend the Dispute Certification Notice.[2]

## Findings of Fact and Conclusions of Law

A party moving for summary judgment shall prevail if it: (1) submits affirmative evidence that negates an essential element of the nonmoving party's claim; or (2) demonstrates that the nonmoving party's evidence is insufficient to establish an essential element of the nonmoving party's claim. Tenn. Code Ann. § 20-16-101 (2019). Central raised several arguments to support its motion, but the Court needs only to address two issues: (1) Whether Mr. Griffin was an employee of Granite at the time of his asserted injury; and if so, (2) Whether this status precludes him from bringing a workers' compensation claim against Central under Tennessee Code Annotated section 50-6-106(1)(A).

First, regarding Mr. Griffin's employment status, both parties admitted in the Statement of Undisputed Facts that Mr. Griffin was Granite's employee, even though Mr. Griffin qualified it by claiming Central was his co-employer. Neither party sought to amend their statements; thus, the Court holds that, for the purpose of this motion, Mr. Griffin was Granite's employee at the time of his asserted injuries.

The reason Mr. Griffin's employment relationship with Granite is important for the Court's analysis is Tennessee Code Annotated section 50-6-106(a). It states that "no common carrier by motor vehicle operating pursuant to a certificate of public convenience and necessity shall be deemed the employer of a leased-operator or owner-operator of a motor vehicle or vehicles under a contract to such a common carrier." No one disputed that Central is a common carrier, and Granite employed leased-operators of motor vehicles for Central under their agreement.

The Supreme Court has held that the statute prohibits the employees of leased-operators from being considered as the common carrier's employees. *Long v. Stateline*

---

[2] At the hearing, the Court took the motion under advisement. Given that the Court is awarding summary judgment to Central on other grounds, the motion is now moot.

2

*Systems, Inc.*, 738 S.W.2d 622, 623 (Tenn. 1985). In *Long*, the employee hauled freight for the common carrier under a lease agreement between his employer and the carrier. The Supreme Court held that the employee was also a "leased-operator," and thus, the carrier could not be his employer under section 50-6-106(A)(1). For the same reason, the Supreme Court also rejected the employee's argument that the carrier retained liability as a general contractor under section 50-6-113(a). *Id.* at 624.

Similarly, this Court must reject Mr. Griffin's argument that Central is liable for workers' compensation benefits as his "co-employer." Even if Mr. Griffin could prove the elements necessary to impose this status on Central under other circumstances, section 50-6-106(A)(1) makes it clear that Central cannot be considered his employer, given their common carrier/leased-operator relationship.

Finally, Mr. Griffin argued that section 50-6-106(A)(1) does not apply because Central does not operate under a "certificate of public necessity and convenience" as required by the statute. Central conceded this was true, but it asserted it is because Tennessee no longer issues these certificates to *any* motor vehicle common carriers and has not for several years. Thus, it is impossible for a common carrier to obtain this certificate in Tennessee. Mr. Griffin offered no argument to the contrary, and Central's position is consistent with the Court's own research.

"The rule of statutory construction to which all others yield is that the intention of the Legislature must prevail." *City of Humboldt v. Morris*, 579 S.W.2d 860, 863 (Tenn. Ct. App. 1978). Further, it is the Court's duty to interpret a statute "so that no part will be inoperative, superfluous or insignificant." *Azbill v. Azbill*, 661 S.W.2d 682, 686 (Tenn. Ct. App. 1983). Here, Mr. Griffin's interpretation would effectively make section 50-6-106(1)(A) inoperative. The Court declines to do so and instead holds that the term "certificate of public necessity and convenience" is no longer applicable, and the statute is intended to exempt those carriers who are compliant with applicable laws and regulations.

Given that the undisputed evidence establishes that Central meets this definition, the Court holds that section 50-6-106(A)(1) bars Central from consideration as Mr. Griffin's employer. Thus, Central is entitled to summary judgment as a matter of law. Due to this holding, it is unnecessary for the Court to address Central's additional defenses.

IT IS, THEREFORE, ORDERED that:

1. Central's Motion for Summary Judgment is granted, and Mr. Griffin's claim is dismissed with prejudice to its refiling.

2. Absent an appeal, this Order shall become final in thirty days.

3. The filing fee of $150.00 is taxed to Central under Tennessee Compilation Rules and

3

Regulations 0800-02-21-.07, to be paid to the Court Clerk and for which execution might issue as necessary.

4. Central shall prepare and file the SD-2 with the Court Clerk within ten days of this order becoming final.

**ENTERED June 29, 2020.**

**Robert V. Durham, Judge**
**Court of Workers' Compensation Claims**

## CERTIFICATE OF SERVICE

I certify that a copy of this order was sent as indicated on June 29, 2020.

| Name | Certified Mail | Via Fax | Via Email | Service sent to: |
|------|---------|-----|-------|------------------|
| D. Russell Thomas | X | | X | russthomas@thethomaslawfirm.com<br>Kathryn@thethomaslawfirm.com |
| Stephen Heard | | | X | skheard@cclawtn.com<br>chspivey@cclawtn.com |
| Patsy Bumbalough | | | X | Patsy.Bumbalough@tn.gov |

**Penny Shrum, Clerk**
**Court of Workers' Compensation Claims**

WC.CourtClerk@tn.gov



<u>Compensation Hearing Order Right to Appeal</u>:

If you disagree with this Compensation Hearing Order, you may appeal to the Workers' Compensation Appeals Board or the Tennessee Supreme Court. To appeal to the Workers' Compensation Appeals Board, you must:

1. Complete the enclosed form entitled: "Notice of Appeal," and file the form with the Clerk of the Court of Workers' Compensation Claims *within thirty calendar days* of the date the compensation hearing order was filed. When filing the Notice of Appeal, you must serve a copy upon the opposing party (or attorney, if represented).

2. You must pay, via check, money order, or credit card, a **$75.00 filing fee** *within ten calendar days* after filing of the Notice of Appeal. Payments can be made in-person at any Bureau office or by U.S. mail, hand-delivery, or other delivery service. In the alternative, you may file an Affidavit of Indigency (form available on the Bureau's website or any Bureau office) seeking a waiver of the filing fee. You must file the fully-completed Affidavit of Indigency *within ten calendar days* of filing the Notice of Appeal. **Failure to timely pay the filing fee or file the Affidavit of Indigency will result in dismissal of your appeal.**

3. You bear the responsibility of ensuring a complete record on appeal. You may request from the court clerk the audio recording of the hearing for a $25.00 fee. A licensed court reporter must prepare a transcript and file it with the court clerk *within fifteen calendar days* of the filing the Notice of Appeal. Alternatively, you may file a statement of the evidence prepared jointly by both parties *within fifteen calendar days* of the filing of the Notice of Appeal. The statement of the evidence must convey a complete and accurate account of the hearing. The Workers' Compensation Judge must approve the statement of the evidence before the record is submitted to the Appeals Board. If the Appeals Board is called upon to review testimony or other proof concerning factual matters, the absence of a transcript or statement of the evidence can be a significant obstacle to meaningful appellate review.

4. After the Workers' Compensation Judge approves the record and the court clerk transmits it to the Appeals Board, a docketing notice will be sent to the parties. The appealing party has *fifteen calendar days* after the date of that notice to submit a brief to the Appeals Board. *See the Practices and Procedures of the Workers' Compensation Appeals Board.*

**To appeal your case directly to the Tennessee Supreme Court, the Compensation Hearing Order must be final and you must comply with the Tennessee Rules of Appellate Procedure. If neither party timely files an appeal with the Appeals Board, the trial court's Order will become final by operation of law thirty calendar days after entry.** *See* **Tenn. Code Ann. § 50-6-239(c)(7).**

*For self-represented litigants: Help from an Ombudsman is available at 800-332-2667.*



## NOTICE OF APPEAL
Tennessee Bureau of Workers' Compensation
www.tn.gov/workforce/injuries-at-work/
wc.courtclerk@tn.gov | 1-800-332-2667

**Docket No.:** _____

**State File No.:** _____

**Date of Injury:** _____

_____

**Employee**

v.

_____

**Employer**

Notice is given that _____

*[List name(s) of all appealing party(ies).  Use separate sheet if necessary.]*

appeals the following order(s) of the Tennessee Court of Workers' Compensation Claims to the Workers' Compensation Appeals Board (check one or more applicable boxes and include the date file-stamped on the first page of the order(s) being appealed):

☐ Expedited Hearing Order filed on _____    ☐ Motion Order filed on _____

☐ Compensation Order filed on_____    ☐ Other Order filed on_____

issued by Judge _____.

### Statement of the Issues on Appeal
Provide a short and plain statement of the issues on appeal or basis for relief on appeal:

_____

_____

_____

_____

### Parties
**Appellant(s) (Requesting Party):** _____ ☐ Employer ☐ Employee

Address: _____ Phone: _____

Email: _____

Attorney's Name: _____ BPR#: _____

Attorney's Email: _____ Phone: _____

Attorney's Address: _____

*\* Attach an additional sheet for each additional Appellant \**

Employee Name: _____ Docket No.: _____ Date of Inj.: _____

**Appellee(s)** (Opposing Party): _____ ☐ Employer ☐ Employee
Appellee's Address: _____ Phone: _____
Email: _____
Attorney's Name: _____ BPR#: _____
Attorney's Email: _____ Phone: _____
Attorney's Address: _____

*\* Attach an additional sheet for each additional Appellee \**

## CERTIFICATE OF SERVICE

I, _____, certify that I have forwarded a true and exact copy of this Notice of Appeal by First Class mail, postage prepaid, or in any manner as described in Tennessee Compilation Rules & Regulations, Chapter 0800-02-21, to all parties and/or their attorneys in this case on this the _____ day of _____, 20 ____.

_____
*[Signature of appellant or attorney for appellant]*